ORIGINAL

1   Etan Z. Lorant, Esq., SBN: 108820
    LAW OFFICES OF ETAN Z. LORANT
2   16530 Ventura Boulevard, Suite 211
    Encino, California 91436
3   (818) 990-3990

4

5   Attorneys for Plaintiffs,
    PAUL D. HARPER, BRIAN D. LIDDY, and EDWARD ORTIZ

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11  PAUL D. HARPER; BRIAN D. LIDDY;     )   CASE NO. 01- 09768 NM PJWx
    and EDWARD ORTIZ,                   )
12                                      )   COMPLAINT FOR DAMAGES
              Plaintiffs,               )   AND DEMAND FOR JURY TRIAL
13                                      )
    vs.                                 )   - 42 USC § 1983
14                                      )   - 42 USC § 1985
    CITY OF LOS ANGELES, a Municipality;)   - 42 USC § 1988
15  COUNTY OF LOS ANGELES;              )   - Unconstitutional Policy
    BERNARD PARKS, GIL GARCETTI;        )   - Violation of Fourth, Fifth and
16  LAURA LAESECKE; ANNE INGALLS;       )     Fourteenth Amendment of United
    RAFAEL PEREZ; and DOES 1 through    )     States Constitution
17  10 Inclusive, each of whom is sued  )   - Negligent Retention, Hiring, Training,
    individually and in their official capacity, )   Supervising
18                                      )   - California Civil Code §§51.7 and 52
              Defendants.               )   - Unruh Act
19  _____)    - Assault and battery
                                            - False Arrest
20                                          - False Imprisonment
21                                          - Intentional Infliction of Emotional
                                              Distress
22                                          - Negligent Infliction of Emotional Distress
23                                          - Conspiracy (28 USC §§ 1331 and 1343)
24                                          - Malicious Prosecution
                                            - Violation/Deprivation of Civil Right
25                                            Under Color of Law
26                                          - Defamation Based on Slander
                                            - Perjury
27                                          - Civil Code § 47.5
                                            - Retaliation and Harassment
28                                           - Negligence

ENTERED ON ICMS
NOV 16 2001
CV

-1-

CLERK'S OFFICE U.S.D.C.
LOS ANGELES
11/15/2001 8:56:14 AM   Receipt #: 1967
Cashier : ENAKADA [LA 03-1]
Paid by
L/O OF ETAN Z. LORANT
2:CV01-09768
2002-086900        5 - Filing Fee Civil(1)
Amount :                         $60.00

2:CV01-09768
2002-510000       11 - Special Fund F/F(1)
Amount :                         $90.00
_____
                                  150.00
Check Payment : 1765 /           $150.00
FEEAND REFUNDS WITHOUT WHITE RECEIPT

PLAINTIFFS PAUL D. HARPER, BRIAN D. LIDDY and EDWARD ORTIZ (HEREINAFTER REFERRED TO AS "PLAINTIFFS") ALLEGE AS FOLLOWS FOR THEIR CLAIMS FOR RELIEF HEREIN:

## I

## JURISDICTION

1. This is an action for deprivation of civil rights under color of state law brought pursuant to Title 42 United States Code Section 1983, for remedies for Defendants' deprivation of Plaintiffs' civil rights.  By this action, Plaintiffs seek all relief to which they may be entitled, under both state and federal laws, including but not limited to compensatory and punitive damages, attorneys' fees and costs, and prejudgment interest.  Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Sections 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Section 1367(a).

## II

## VENUE

2. Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

## III

## CLAIMS FOR RELIEF

3. At all times herein mentioned, Plaintiffs were citizens of the United States, residing in the County of Los Angeles, State of California.

4. Plaintiffs are informed and believe and based thereon allege that, at all times herein mentioned, Defendant CITY OF LOS ANGELES is and was a public entity and municipal corporation, duly organized and existing under and by virtue of the laws of the State of California and was responsible for hiring,

training, and supervising the conduct, policies and practices of its employees and agents of the CITY OF LOS ANGELES, the Los Angeles Police Department, and all of its members.

5.   Plaintiffs are informed and believe and based thereon allege that, at all times herein mentioned, Defendant COUNTY OF LOS ANGELES was a chartered government entity duly organized and chartered under the laws of the State of California, and was responsible for hiring, training, and supervising of the conduct, policies and practices of its employees and agents of the COUTY OF LOS ANGELES and the District Attorneys' office and all of its employees.

6.   Plaintiffs are informed and believe and based thereon allege that, at all times relevant herein, Defendants, GIL GARCETTI, LAURA LAESECKE, ANNE INGALLES, and DOES 1 through 4, inclusive, were residents of the County of Los Angeles, State of California and, at all times mentioned herein, were members of the Los Angeles County District Attorneys Office and were acting under color of authority and pursuant to the regulations, customs and usages of the District Attorneys office and under color of the authority of that department. Each Defendant herein is sued in his/her individual and official capacity.

7.   Plaintiffs are informed and believe and based thereon allege, that, at all times relevant herein, Defendants, BERNARD PARKS, and DOES 5 through 7, were residents of the County of Los Angeles, State of California and were and continue to be employed as the Chief of the Los Angeles Police Department and other positions within the City of Los Angeles, and in conjunction with said employment were delegated with the authority and responsibility of carrying out the training, supervisory, and disciplinary functions of the Los Angeles Police Department, and were responsible for the setting and implementation of departmental policy with respect to the use of force, and investigation of allegations of misconduct brought against its police officers, and at all times relevant herein, were acting in the course and scope of their employment and

under color of law.  Each Defendant named herein is sued both in his/her individual and official capacity.

8.   Plaintiffs are informed and believe and based thereon allege, that, at all times herein, Defendants, RAFAEL PEREZ, and DOES 8 through 10, inclusive, were residents of the County of Los Angeles, State of California, and were police officers, detectives, sergeants, captains, commanders and/or civilian employee agents, policy makers and representatives of the City of Los Angeles Police Department, as well as employees, agents, and representatives of Defendant CITY OF LOS ANGELES.  At all times relevant hereto said defendants were acting within the course and scope of their employment as officers, detectives, sergeants, captains and/or civilian employees, policy makers and representatives of the Los Angeles Police Department, a department and subdivision of Defendant CITY OF LOS ANGELES, and the wrongful acts hereinafter described flow from the very exercise of their authority.  Each Defendant named herein is sued in his individual and official capacity.

9.   Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, Defendants and Does 1 through 10, inclusive, were employed by or were the agents of the City of Los Angeles and/or County of Los Angeles at all times relevant hereto. Plaintiffs are informed and believe that Does 1 through 10, inclusive, are residents of Los Angeles County, State of California.

10.   All Defendants who are natural persons, and each of them, including Does 1 through 10, inclusive, are sued individually and in their official capacity as Chief of Police, district attorneys, deputy district attorney, officers, detectives, sergeants, captains, commanders, supervisors, and/or civilian employees, and agents, policy makers and representatives for the City of Los Angeles Police Department, a department and subdivision of Defendant CITY OF LOS ANGELES, and Los Angeles County District Attorneys Office, a department and subdivision of Defendant COUNTY OF LOS ANGELES.

11.     Plaintiffs are unaware of the true names and/or capacities of Defendants sued as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs will amend this complaint, by leave of the court if necessary, to allege their true names and/or capacities when ascertained. Plaintiffs are informed and believe and based thereon allege, that Defendants Does 1 through 10, inclusive, and each of them, were the agents and servants of the other Defendants and at all times were acting, within the scope of said agency and are jointly obligated with the remaining Defendants.

12.     Plaintiffs have complied with all applicable statutes by filing Applications to File Late Claim Against Public Entity on November 14, 2001, copies of which are attached hereto and incorporated herein by this reference as Exhibits "A", "B" and "C".

## IV

## STATEMENT OF FACTS

13.     Plaintiffs refer to and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 12, inclusive, as if set forth in full here.

14.     In March of 1998, six pounds of cocaine were missing from the Los Angeles Police Department property room. The investigation was focused on Rafael Perez, an LAPD Officer with the Rampart Crash Unit.

15.     In August of 1998, Rafael Perez was arrested. He was tried in December of 1998, where the jury was deadlocked with a vote of 8-4 towards conviction.

16.     In September of 1999, in lieu of being tried a second time, Perez entered into a confidential plea agreement with Defendants County of Los Angeles and City of Los Angeles, wherein he would receive a reduced sentence on the drug charges and immunity from further prosecution on misconduct short of murder, in exchange for identifying other police officers involved in crimes and misconduct.

17.   At that time, District Attorney Gil Garcetti was in a re-election campaign with election day being March 7, 2000. Thereafter, Gil Garcetti was in a bitter political run off for the position on District Attorney, with final elections to take place in November of 2000.

18.   As part of his political campaign, Defendant Gil Garcetti held press conferences and had a Web-site called "Gil Garcetti 2000 Online Campaign Headquarters" which was authorized by him.   As part of his Web-site, in order to show "a record of leadership and accomplishments", Gil Garcetti had a "link" to "Headlines" which connected you to the Los Angeles Times and Daily News of Los Angeles newspaper articles regarding the Rampart Cases, [including but not limited to Plaintiffs' case].

19.   According to a New York magazine article, "suspicion grew among [police and prosecutors who have dealt with Perez], ... that he had directed or possibly misdirected the course of the scandal investigation."

20.   The article further stated that "When Perez directed the investigation toward other cops in Rampart CRASH, Garcetti hoped that at least some implicated officers would turn, and cooperate in exposing others.  But that didn't happen. There was enormous political and media pressure for a definitive outcome, and the District Attorney's office felt most of it.  Gil Garcetti's standing with voters was precarious as he faced the November, 2000, election.  Chief Parks, determined to be seen as leading the fight against police corruption, criticized Garcetti publicly and often for not bringing criminal cases against Rampart officers, and Garcetti countered that there was no case yet to bring."

21.   Gil Garcetti reiterated to reporters that his staff was working as fast as possible to put together a comprehensive case that is going to result in successful prosecutions and State Prison sentences for those Evil Cops.

22.   In March of 2000, District Attorney Gil Garcetti stated that he decided to press ahead with the prosecution because the Statute of Limitations governing the

-6-

alleged violations was about to expire.  In an interview in PBS-Frontline, Garcetti stated:  "The Statute of Limitation was coming out ... the pressure was there on all of us.  Let's move right now.  The pressure was on the chief .  Get this behind you, let's get rid of those bad officers, and lets clean up this department.  My position is that all we have is Rafael Perez, pointing the finger...  That's all I have, a convicted perjurer, a liar, a thief.  We get to a court, and it will never even get to a jury.  The Judge will have to Dismiss the case... and that pressure continued, and of course, I was facing an election so I was particularly susceptible to people saying that I am prosecuting or not prosecuting, for political purposes.  Take your pick, I was doing it all for political purposes.  I knew this was a no win situation for me.  It didn't make any difference what I did."

23.   Prior to the arrest of Plaintiffs Harper, Liddy, and Ortiz arrangement were made for the officers to turn themselves in.  However, without the benefit of a trial, the District Attorneys' office proclaimed the Plaintiffs guilty until proven innocent.  A spokesperson for the District Attorney's office told the Los Angeles Times "We were expecting the officers to be arrested like any other corrupt person" ..."Public confidence in the criminal justice system would certainly be restored if they saw the officer being treated like anybody else who committed a crime."

24.   On April 24, 2000, a warrant was issued for the arrest of Plaintiffs Officer Paul Harper, Sgt. Brian Liddy and Sgt. Edward Ortiz and the three Plaintiffs were arrested, booked, fingerprinted and had to bail out.

25.   On May 5, 2000, Gun-Toting Teams of District Attorney's investigator's, with Los Angeles Police Department officers as observers, swept into the homes of the three Plaintiff's and their family member.  During the raids, in front of children and family members, guns were drown, and one officer was forced to stand outside of his front lawn in his undershirt and shorts.

26.    On October 4, 2000, with much media coverage, the criminal trial of <u>The People of the State of California vs. Edward Ortiz, Brian Liddy, Paul Harper, et al.</u>, Case Number BA204531, started before Honorable Jacqueline A. Connor, Judge, in the Los Angeles Superior Court.

27.    On November 15, 2000, the jury returned a not guilty verdict for all three officers as to all charges stemming from the Lobos case.

## INJURIES TO PLAINTIFF

28.    As a result of the conduct of the Defendants as stated above, Plaintiffs have suffered and will continue to suffer emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, loss of promotional opportunities, employment benefits and loss of sick time, defamation of character, stress, and loss of standing in the community.

## V

## FIRST CAUSE OF ACTION

## (42 USC § 1983; 42 USC § 1985; 42 USC § 1988)

## BY PLAINTIFFS AGAINST DEFENDANTS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES AND DOES 1 THROUGH 7, INCLUSIVE

29.    Plaintiffs refer to and incorporate by reference the allegations in Paragraphs 1 through 28, inclusive, as if set forth in full here.

30.    Defendants City of Los Angeles, County of Los Angeles, and Does 1 through 7, inclusive, are alleged to have maintained a policy permitting the occurrence of the type of wrongs described herein, and based on the principal set forth in <u>Monnell vs. New York city Department of Social Services</u> (1978) 436 U.S. 648

and Heller vs. Bushey (9th Cir. 1985) 759 F.2d 1371, are liable for all injuries sustained by Plaintiffs.

31.  In perpetrating the above referenced acts and omissions, the Defendant City of Los Angeles, hereinafter referred to as "City", was at all relevant times herein, a municipality, and Defendants Bernard Parks, hereinafter referred to as "Parks", and Does 5 through 7, inclusive, were at all times herein, its agent/employee.  Thus, Defendants' above referenced acts and omissions constitute state law claim.

32.  In perpetrating the above referenced acts and omissions, the Defendant County of Los Angeles, hereinafter referred to as "County", is a charted government entity and Defendants GIL GARCETTI, hereinafter referred to as "Garcetti", LAURA LAESECKE, hereinafter referred to as "Laesecke", ANNE INGALLS, hereinafter referred to as "Ingalls", and Does 1 through 4, inclusive, were at all times herein, its agents/employees.  Thus, Defendants' above referenced acts and omissions constitute a cognizable state law claim.

33.  Defendants, City, County, and Does 1 through 7, inclusive, have maintained a policy or custom of (a) making unlawful detention and/or arrest; (b) improperly disciplining agents/employees of the Los Angeles Police Department and Los Angeles County District Attorneys' Office; (c) improperly investigating complaints of wrong-doing by agents/employees of the Los Angeles Police Department and Los Angeles County District Attorneys' Office; (d) improperly selecting, training and supervising agents/employees of the Los Angeles Police Department and Los Angeles County District Attorney's Office.

34.  The acts set forth herein constitute a policy, practice, or custom of ordering, ignoring, encouraging, causing, tolerating, sanctioning, and/or acquiescing in the violation by Defendants City and County employees, namely employees within Los Angeles Police Department and Los Angeles County District

1    Attorneys' Office, of the constitutional rights of employees on matters of public

2    concern.

3    35.   The acts and failures to act as alleged herein also result from a custom, practice

4    or policy of inadequate training in a deliberate indifference of the rights of

5    employees who speak out on matters of public concern, and the injuries suffered

6    by Plaintiffs as alleged herein were caused by such inadequate training and

7    supervision.

8    36.   Defendants Parks and Does 5 through 7, inclusive, are policy-makers for

9    Defendant City.  The acts and failures to act as alleged herein were done

10   pursuant to policies and practices instituted and enforced by Defendants Parks

11   and Does 5 through 7, inclusive, pursuant to his authority as a policy-maker for

12   Defendant City.

13   37.   Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive, are

14   policy-makers for Defendant County.  The acts and failures to act as alleged

15   herein were done pursuant to policies and practices instituted and enforced by

16   Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive,

17   pursuant to their authority as a policy-maker for Defendant County.

18   38.   As a result of the wrongful acts of Defendants and Does 1 through 7, inclusive,

19   Plaintiffs have suffered emotional distress and mental suffering, humiliation

20   from publicity, shock and fear from removal from familiar surroundings,

21   indignity from arrest, booking, fingerprinting, search, physical consequences,

22   loss of liberty, loss of income, loss of employment benefits and loss of sick

23   time, loss of promotional opportunities, defamation of character, stress, and loss

24   of standing in the community, the exact amount of which will be determined at

25   trial.  Accordingly, Plaintiffs seek compensation from above Defendants,

26   including attorney's fees, pursuant to 42 USC § 1988.

27   / / /

28   / / /

## SECOND CAUSE OF ACTION

## VIOLATION OF FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF UNITED

## STATES CONSTITUTION

## (42 USC §§ 1983, 1985 AND 1988

## BY PLAINTIFFS AGAINST DEFENDANTS CITY, COUNTY, BERNARD PARKS, GIL

## GARCETTI, LAURA LAESECKE, ANNE INGALLS AND DOES 1 THROUGH 7,

## INCLUSIVE

39.     Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 38, inclusive, as if set forth in full herein.

40.     This cause of action arises under Title 42 United States Code, §§ 1983, 1985, and 1988 wherein Plaintiffs seek to redress deprivation under color of state law of a right, privilege or immunity secured under the Fourth Amendment and/or Fifth Amendment and/or Fourteenth Amendment.

41.     Plaintiffs are informed and believe and thereby allege that at all times mentioned herein, Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive, and each of them, were duly appointed, qualified and acting County of Los Angeles District Attorneys and Deputy District Attorneys, in the County of Los Angeles, State of California, and that at all times mentioned herein, were acting within the course and scope of such employment for Defendant County of Los Angeles under the color of state law.

42.     Plaintiffs are informed and believe and thereby allege that at all times mentioned herein, Defendants Parks and Does 5 through 7, inclusive, and each of them, were duly appointed, qualified and acting City of Los Angeles Police Department's Chief of Police and/or agents/employees, in the City of Los Angeles, State of California, and that at all times mentioned herein, were acting within the course and scope of such employment for Defendants City of Los Angeles under the color of state law.

43.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, said Defendants and each of them deprived Plaintiffs of their rights in violation of the Fourth, Fifth, and Fourteenth Amendment when said Defendants falsely arrested and imprisoned Plaintiffs on April 24, 2000.

44.    Defendants, City, County, Parks, Garcetti, Laesecke, Ingalls, and Does 1 through 7, inclusive, and each of them, failed and refused to intervene or prevent or try to prevent the wrongful conduct of the other.

45.    As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs were injured, and by reason thereof, Plaintiffs claim damages from, Defendants, and each of them, in a sum to be determined by this Court.

46.    The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction injury upon the Plaintiffs.  This was done with reckless, wanton and callousness of Plaintiffs' civil rights and by reason thereof.  Plaintiffs claim exemplary and punitive damages from Defendants Parks, Garcetti, Laesecke, Ingalls, and Does 1 through 7, inclusive, in a sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

47.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs retained attorneys to represent them and did incur and continue to incur investigation costs, expenses, attorneys' fees, and legal costs.  Plaintiffs request payments by Defendants, and each of them, for compensation of fees and costs pursuant to Title 42 USC § 1988.

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL CODE §§ 51.7 AND 52

## BY PLAINTIFFS AGAINST DEFENDANTS PARKS, GARCETTI, LAESECKE, INGALLS AND DOES 1 THROUGH 7, INCLUSIVE

48.   Plaintiffs reallege and incorporate by reference Paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.   Plaintiffs are informed and believe, and thereon allege, that Defendants Parks, Garcetti, Laesecke, Ingalls, and Does 1 through 7, inclusive, and each of them, violated <u>California Civil Code</u> Section 51.7 and wrongfully denied Plaintiffs their rights within the meaning of <u>California Civil Code</u> Section 52(b) by inflicting violence and conspiring to, aiding, and infliction of violence against Plaintiffs by reason of their race, socio-economic status, and/or ethnic heritage or by attempting to inflict such injury.

50.   By reason of the Defendants' conduct, Defendants are liable to Plaintiffs in the amount of twenty-five thousand dollars ($25,000.00) and triple the damages proven at trial.

## FOURTH CAUSE OF ACTION

## ASSAULT AND BATTERY

## BY PLAINTIFF AGAINST ALL DEFENDANTS

51.   Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.   Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them, assaulted and battered Plaintiffs, causing Plaintiffs to suffer injury when they had them wrongfully arrested and caused them to be fingerprinted and searched at gun point and other means.

53.   By reason of the above actions, Defendants and Does 1 through 10, inclusive, and each of them, are liable to Plaintiffs for money damages.

-13-

## FIFTH CAUSE OF ACTION

## FALSE ARREST, FALSE IMPRISONMENT

## BY PLAINTIFFS AGAINST DEFENDANTS CITY, COUNTY, PARKS, GARCETTI,

## LAESECKE, INGALLS, AND DOES 1 THROUGH 7, INCLUSIVE

54. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. On or about April 24, 2000, Plaintiffs were arrested and charged with the crime of Conspiracy to Abstract Justice, in violation of Penal Code Section 182(a)(5), Filing a False Report, in violation of Penal Code Section 118.1, and Perjury by Declaration, in violation of Penal Code Section 118, when the only factual evidence Defendants had was false information by a convicted felon, 18th Street gang member, Allan Manrique Lobos, and disgraced, former police officer Rafael Perez, who is also convicted felon.

56. The act of Defendants and Does 1 through 7, inclusive, and each of them, as herein alleged, were willful, wanton, malicious and oppressive and justify the awarding of punitive damages in an amount to be determined by the Court according to proof against all Defendants, except Defendants City and County.

## SIXTH CAUSE OF ACTION

## NEGLIGENT RETENTION, HIRING, TRAINING AND SUPERVISING

## BY PLAINTIFFS AGAINST DEFENDANTS CITY OF LOS ANGELES, COUNTY OF

## LOS ANGELES AND DOES 1 THROUGH 7, INCLUSIVE

57. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 56, inclusive, as if set forth in full herein.

58. Plaintiffs are informed and believe and thereon allege, that in doing the acts as heretofore, alleged, Defendants City and County knew or in the exercise of reasonable diligence should have known, that Defendants Parks, Garcetti, Laesecke, Ingalls and Does 1 through 7, inclusive, were incompetent and unfit

1    to perform the duties for which they were employed, and that an undue risk to

2    persons such as Plaintiffs would exist because of the employment.

3    59.    Despite the advance knowledge, Defendants City and County retained Parks,

4    Garcetti, Laesecke and Ingalls and Does 1 through 7, inclusive, as employees in

5    disregard of the rights and safety of others.  As a result of this disregard of the

6    right of Plaintiffs, Plaintiffs are entitled to award of punitive damages from the

7    City of Los Angeles Police Department and County of Los Angeles District

8    Attorneys Office and Does 1 through 7, inclusive, in an amount to be

9    determined by this court according to proof.

10   60.    Defendants City and County, are alleged to have knowingly, with gross

11   negligence and/or deliberately and indifferently to the constitutional rights of

12   persons within the jurisdiction of the State of California, maintained or

13   permitted a policy or custom of permitting the occurrence of the type of wrongs

14   described herein, and are liable for all injuries sustained by Plaintiffs.

15   61.    Defendants City and County have maintained a policy or custom of (a)

16   improperly disciplining their agents/employees; (b) improperly investigating

17   complaints of wrong-doing by their agents/employees; (c) improperly selecting,

18   training, and supervising their agents/employees; (d) improperly retaining their

19   agents/employees. Through this policy or custom, Defendants City and County

20   have ratified the conduct of Defendants Parks, Garcetti, Laesecke, Ingalls, and

21   Does 1 through 7, inclusive.

22

23   ## SEVENTH CAUSE OF ACTION

24   ## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25   ## BY PLAINTIFF AGAINST ALL DEFENDANTS

26   62.    Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1

27   through 61, as if set forth in full herein.

28

63.  As a result of the act of Defendants, and each of them, toward Plaintiffs, Plaintiffs suffered false arrest and false imprisonment, posting of the bail bond, unlawful search of the residence, going through Grand Jury proceedings, long and humiliating well publicized jury trial followed by the administrative hearings.  The conduct of all Defendants was outrageous conduct with the intent to cause emotional distress of a severe nature and this conduct did cause emotional distress to Plaintiffs.  Defendants, and each of them, are responsible for these damages.

## EIGHT CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## BY PLAINTIFFS AGAINST ALL DEFENDANTS

64.  Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 63, inclusive, as if set forth in full herein.

65.  At all times herein mentioned, Plaintiffs had to undergo false arrest and false imprisonment, posting of the bail, unlawful search of the residence, going through Grand Jury proceedings, long and humiliating, well publicized jury trial followed by the administrative hearings.  All of the above was in violation of Plaintiffs' civil rights, discrimination against Plaintiffs and generally Defendants' failure to fulfill their duties to Plaintiffs, has caused Plaintiffs to suffer emotional injuries.

66.  Because of the negligence of the Defendants, and each of them, and as a proximate result thereof, Plaintiffs sustained great emotional disturbance and shock and injury to their nervous system, all of which has caused, and continue to cause, and will cause them great physical and mental pain and suffering, all to their damages in an amount according to proof.

67.  Plaintiffs were reasonably required to and did incur medical and incidental expenses for the examination, treatment, and care of the aforesaid injuries.

Plaintiffs are informed and believe, and thereon, allege that Plaintiffs in the future be reasonably required to incur similar obligations.

68.    Plaintiffs have lost wages benefits, promotion opportunities, employment benefits and sick time out, and have sustained an injury to and impairment of present and future earning capacity and the ability to engage in gainful occupation and have thereby suffered damages, the exact amount of which is unknown at this time.

### NINTH CAUSE OF ACTION

### CONSPIRACY TO DEPRIVE AND FOR DEPRIVATION OF DUE PROCESS OF LAW

### UNDER COLOR OF STATE LAW

### BY PLAINTIFFS AGAINST ALL DEFENDANTS

69.    Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 68, inclusive, as if fully set forth herein.

70.    Beginning on or about September 8, 1999 and continuing thereafter until November 15, 2000, Defendants, and each of them, acting under color of authority as investigators of the City of Los Angeles and County of Los Angeles did unlawfully conspire, collaborate and agree as follows:

(1)    To deny Plaintiffs due process of law under the 14th Amendment of the United States Constitution;

(2)    To commit acts under color of law to cause Plaintiffs to be investigated, arrested, prosecuted and thereafter to insure that they would be denied a fair trial by an unbiased jury and by an unbiased judge due to intimidation and publicly made statements to the media and others designated to convict Plaintiffs without benefit of a fair trial.

71.    In order to carry out the foregoing conspiracy, the Defendants undertook a series of acts designed to accomplish the foregoing purposes, to wit:

(1)    On or about September 8, 1999, Defendant Rafael Perez, hereinafter referred to as "Perez", pled guilty to removing cocaine from Property Division of the Los Angeles Police Department and selling it.  Perez' guilty plea was based on a confidential plea agreement with the Los Angeles County District Attorneys' Office.  Perez agreed to plea guilty to the charge, and to provide information regarding various acts of misconduct by Los Angeles police officers he had worked with, in exchange for a reduced sentence.

(2)    Defendant Perez was interviewed by the LAPD Task Force and the Los Angeles District Attorney's office in September of 1999.  At that time, Perez stated that Plaintiff Liddy was "a very good officer."  During an interview in November 1999, Perez reviewed an arrest report dated April 26, 1996, in which an 18th Street gang member, Allan M. Lobos, was arrested for Penal Code § 12021(a)(1), possession of a firearm by a felon.  Perez changed his mind about Plaintiff Liddy and indicated that the arrest report that was written by Plaintiff Liddy was fabricated.  While knowing at all times that Perez was known to be and was known by the Defendants to be untruthful and uncorroborated, and knew that Perez failed a series of polygraph examinations administered by Defendants.  Further, Defendants and all of them, knew that Perez himself testified under oath that he perjured himself at least 100 time in court, has written more than 100 false reports, and had stolen up to $80,000.00 from people he arrested.  Despite knowledge of the above, Defendants relied upon Perez' lies and prosecuted Plaintiffs.

(3)    Even though Defendants, City, County, Parks, Garcetti, Laesecke, Ingalls, and Does 1 thorough 7, inclusive, knew that Perez was a convicted felon who falsely testified at least one hundred times in Court and filed false police reports.  Defendants agreed with Perez to so testify

with the knowledge of the Defendants that his testimony would be false
and with the knowledge of the Defendants that his testimony is
uncorroborated.

(4)    Following the false testimony from Defendant Perez and Does 8 through
10, inclusive, Defendants Parks, Garcetti, , Laesecke, Ingalls and Does
1 through 7, inclusive, investigated the false allegations and arrested
Plaintiffs on or about April 24, 2000.  Following the arrest, Plaintiffs'
residences were unlawfully searched.

(5)    Following Plaintiffs arrest and during the trial, Defendants Parks and
Does 5 through 7, inclusive, made defamatory statements to the press in
order to deny Plaintiffs due process of law by denying the Plaintiffs the
benefit of an unbiased and fair jury and sentencing judge by stating
"Let's get some officers to court who have been accused of this things.
We've made a case, get them to court and put them to trial.  That's true
...Even if the jury rejected it, it was worth the whole exercise of sitting
those people through a criminal process, because they had violated their
oath to that degree."

(6)    In race to beat the legal deadline, without conducting complete and
thorough investigation and relying upon false and misleading statements
by Perez, Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4,
inclusive, filed the charges against Plaintiffs two days before the statue
of limitations on their alleged crimes expired.  Said Defendants made
defamatory statements to the press in order to deny Plaintiffs due process
of law by denying the Plaintiffs benefits of an unbiased and fair jury and
sentencing judge.  Their attitude, as later admitted by the Defendants
Garcetti was that  "... the pressure was there on all of us.  Let's move
right now.  The pressure was on the chief.  Get this behind you.  Let's
get rid of those bad officers, and let's clean up this department ...My

position is that all we have is Rafael Perez pointing the finger at you. That's all I have: a convicted perjurer, a liar, a thief. We get to a court, and it will never event get to a jury. ... And that pressure continued, and of course, I was facing an election. So, I was particularly susceptible to people saying that I am prosecuting, or not prosecuting, for political purposes. Take your pick, I was doing it all for political purposes. I knew this was a no-win situation for me. It didn't make any difference what I did..."

(7)     Furthermore, as part of Garcetti's political campaign, Defendant Gil Garcetti held press conferences and had a web-site called "Gil Garcetti 2000 Online Campaign Headquarters" which was authorized by him. As part of his Web-site, in order to show "a record of leadership and accomplishments", Defendant Garcetti had a "link" to "headlines" which connected the public to the Los Angeles Times and Daily News of Los Angeles newspapers articles regarding the Rampart cases [including but not limited to Plaintiffs' case].

(8)     Following the false testimony from Defendants Perez and Does 8 through 10, inclusive, and the arrest of Plaintiffs, Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive, filed a Felony Complaint For Arrest Warrant, in the case of The People of the State of California vs. Edward Ortiz, Brian Liddy, Paul Harper, Case Number: BA 201619, in which Plaintiffs were listed as the Defendants and the 18th Street gang member, Allan Lobos, was the victim. The Felony Complaint for Arrest Warrant was executed on April 24, 2000 by Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive.

(9)     Subsequent Felony Complaint for Arrest, Case Number: BA 204531 executed by Defendants on July 10, 2000, Plaintiffs were accused of Conspiracy to Obstruct Justice, in violation of Penal Code Section

182(a)(5), Filing of a False Report, in violation of Penal Code Section 118.1, and Perjury by Declaration, in violation of Penal Code Section 118.

(10)   As a result of the misleading, misadvising and mischaracterization of facts, which were personally performed by Defendants, Plaintiffs were falsely arrested and imprisoned, had to post bail, had their residences unlawfully search, went through Grand Jury proceedings and long, well publicized and humiliating Jury Trial, wherein Plaintiff Harper was acquitted of all charges against him and Plaintiffs Liddy and Ortiz were acquitted of all charges against them as to the arrest of the 18th Street gang member, Allan Lobos.

(11)   Following Plaintiffs arrest and during and after the trial, Defendants Parks and Does 5 through 7, inclusive, made defamatory statements to the press in order to deny Plaintiffs due process of law by denying the Plaintiffs the benefit of an unbiased and fair jury and sentencing judge by stating "Let's get some officers to court who have been accused of this things.  We've made a case, get them to court and put them to trial. That's true ...Even if the jury rejected it, it was worth the whole exercise of sitting those people through a criminal process, because they had violated their oath to  that degree."  In race to beat the legal deadline, without conducting complete investigation and relying upon false and misleading statements by Perez, Defendants filed the charges against Plaintiffs two days before the statue of limitations on their alleged crimes expired.

(12)   Following the acquittal of Plaintiffs, Plaintiff Harper had to proceed with the administrative proceedings, known as "Board of Rights" hearings, wherein the Board dismissed the allegations against Plaintiff Harper and found that there was no misconduct by Plaintiff Harper.

(13)    Plaintiffs Liddy's and Ortiz' administrative hearings are still pending.

72.    The foregoing conduct of Defendants and statements made therein were designed at all times to deny Plaintiffs their right to due process of law, to insure that the Plaintiffs would be prosecuted for a crime for which they could not legally be convicted because a basic element of the crime could never be established; that Plaintiffs would be prosecuted in the public regardless of the outcome of the criminal prosecution in order to destroy the reputation and invade the privacy of Plaintiffs and to deny Plaintiffs their constitutional rights to due process of law in criminal court, Board of Rights and pending civil lawsuits against Plaintiffs.

73.    At no time was there probable cause or any good faith belief to believe that Plaintiffs had conducted themselves in any manner other than a competent one and in fact, Plaintiffs' previous professional records were unblemished.

74.    Each of the acts of Defendants was carried out without justification, without probable cause, in bad faith, and with the motive to seek retribution against Plaintiffs for trying to keep the public and the streets safe from gang members and drug dealers.

75.    The foregoing acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously with the purpose of advancing Defendants won political and career standings and aspirations and by reason of which the Plaintiffs are entitled to seek an award of punitive damages in the sum of Ten Million dollars ($10,000,00.00) for each Plaintiff.

## TENTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

## BY PLAINTIFFS AGAINST COUNTY OF LOS ANGELES, GIL GARCETTI, LAURA LAESECKE; ANNE INGALLS AND DOES 1 THROUGH 4, INCLUSIVE

76. Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 75, inclusive, as if fully set forth herein.

77. Acting as investigators, commencing on or about September 1999 and continuing through November 15, 2000, Defendants caused criminal prosecution to be instituted against Plaintiffs for alleged perjury, filing a false report, perjury by Declarations, falsification of documents and conspiracy to commit crime.

78. The prosecution occurred in the County of Los Angeles and was commenced on or about April 24, 2000 and was carried out until a favorable termination of that prosecution took place on November 15, 2000, at which time a judgment of acquittal was entered in favor of Plaintiffs.

79. The prosecution of Plaintiffs were based entirely on investigation and acts committed by Defendants as investigators, law enforcers and prosecutors conducting and directing other agents and officers of the County of Los Angeles to carry out their directives and said Defendants were employed by the County of Los Angeles throughout all times relevant herein and to advance Defendants own political and career standing and aspirations.

80. The actions of prosecuting the Plaintiffs were committed knowingly, intentionally, and maliciously and for the purpose of seeking retribution against Plaintiffs for successfully performing their duties as police officers and police sergeants in keeping the public and the streets safe from the gang members and drug dealers.

81. By reason of the forgoing, Plaintiffs are entitled to an award of punitive damages in the sum of ten million dollars ($10,000,000.00) for each Plaintiff.

/ / /

/ / /

/ / /

/ / /

## ELEVENTH CAUSE OF ACTION

## DEFAMATION BASED ON SLANDER

## BY PLAINTIFFS AGAINST DEFENDANTS BERNARD PARKS, GIL GARCETTI,

## LAURA LAESECKE; ANNE INGALLS , RAFAEL PEREZ AND DOES 1 THROUGH

## 10, INCLUSIVE

82.   Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 81, inclusive, as if fully set forth herein.

83.   Defendants Parks, Garcetti, Laesecke, Ingalls, Perez and Does 1 through 10, inclusive, made defamatory comments wrongfully accusing Plaintiffs of lying, planting a gun on an 18th Street gang member Allan Lobos, corruption, falsifying police reports, and other disparaging remarks at the presence of Plaintiffs co-workers, the public through press conferences, media and newspapers and internet. Those words were slanderous per se and humiliated Plaintiffs, impugned their character and damaged their reputation.  Furthermore, said words were uttered for the sole purpose of defaming Plaintiffs, and were understood by those who heard them in a way that defamed Plaintiffs.

84.   Defendant Parks and Does 5 through 7, inclusive, were pushing to get Plaintiffs, "who were accused of misconduct, to put them on trial." Defendants Parks and Does 5 through 7, inclusive, stated that "... Even if the jury rejected it, it was worth the whole exercise of sitting those people through a criminal process, because they had violated their oath to that degree ..."  During another interview with the media, Defendants Parks and Does 5 through 7, inclusive, stated that "Defendant Liddy and others were involved in many incidents, stretching their probable cause and stretching the truth in order to put what they thought were gang members in jail for the right reasons, unfortunately, they did it the wrong way ... "

85.   Furthermore, Defendants Parks and Does 5 through 7, inclusive, stated that " if any message comes out of Rampart, it's that they began to treat people as less

than human beings because they were gang members, dope dealers.  They
abused them physically, verbally, and through the system ...They shouldn't have
been put in jail.  Their rights were violated."

86.   The Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4, inclusive,
did not plan to give Plaintiffs an opportunity to surrender themselves to
authorities.  In race to beat that legal deadline, said Defendants filed the charges
against Plaintiffs, who already had been relived of duty, two days before the
statute of limitations on their alleged crimes expired.  A spokesperson for the
said Defendants stated to the L.A. Times that "They're going to be arrested.
They're not part of the brotherhood, they're not part of any fraternity.   They're
going to be arrested like anybody else."  The spokesperson further stated that
"We were expecting the officers to be arrested like any other corrupt person"
..."Public confidence in the criminal justice system would certainly be restored
if they saw the officer being treated like anybody else who committed a crime."

87.    In addition, Defendants Garcetti, Laesecke, Ingalls, and Does 1 through 4,
inclusive, during an interview with the media stated that "... [T]he pressure was
there on all of us.  Let's get rid of those bad officers, and let's clean up this
department ... My position is that all we have is Rafael Perez pointing the finger
at you.  That's all I have: a convicted perjurer, a liar, a thief.  We get to a
court, and it will ever even get to a jury.  The judge will have to dismiss the
case. ...  And that pressure continued, and, of course, I was facing an election.
So I was particularly susceptible to people saying that I am prosecuting, or not
prosecuting, for political purposes.  Take your pick, I was doing it all for
political purposes.  I knew this was a no-win situation for me.  It didn't make
any difference what I did."

88.   Furthermore, in order to build a case, Defendants, Garcetti, Laesecke, Ingalls,
and Does 1 through 4, inclusive, decided that they would have to go with what
they had despite their own misgivings.  Said Defendants stated that "Once we

1    could see we were not going to get any police officers from within the

2    Department, that's almost the end of the case. ... You take the little bits and

3    pieces that are left and you go forward with that prosecution."

4    89.   Defendants Perez and Does 8 through 10, inclusive, accused Plaintiffs of lying,

5          planting a gun on the 18th Street gang member, Allan Lobos, making unlawful

6          arrests, corruption, falsifying police reports, and other disparaging remarks at

7          the presence of Plaintiffs' co-workers, District Attorneys Office, Internal Affairs

8          Group, Robbery Homicide Division Task Force, police investigators and

9          detectives and several other persons whose names are not known to Plaintiffs.

10   90.   Said words were slanderous per se and humiliated Plaintiffs, impugned their

11         character and damaged their reputation.  Furthermore, said words were uttered

12         for the sole purpose of defaming Plaintiffs, and were understood by those who

13         heard them in any way that defamed Plaintiffs.

14   91.   The above-described words were spoken by the Defendants and Does 1 through

15         10, inclusive, with malice, oppression and fraud and an award of exemplary and

16         punitive damages to be proved at trial is warranted.

17   92.   As a result of the above-described defamatory remarks, Plaintiffs had already

18         been found guilty by the public even prior to and during the trial in which the

19         jury acquitted Plaintiffs as to the Allan Lobos' arrest of April 26,1996.

20   93.   Furthermore, as a result of the above-described defamatory remarks, Plaintiffs

21         have suffered general damages to their reputation in the sum to be proven at the

22         trial.

23                     **TWELFTH CAUSE OF ACTION**

24                              **PERJURY**

25   **BY PLAINTIFFS AGAINST DEFENDANTS RAFAEL PEREZ AND DOES 8**

26                      **THROUGH 10, INCLUSIVE**

27   94.   Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1

28         through 93, inclusive, as though fully set forth herein.

-26-

95.   Plaintiffs are informed and based thereon alleges that Defendants Perez and Does 8 through 10, inclusive, and each of them, falsely testified under oath and under penalty of perjury under the laws of the State of California, with full knowledge that their testimony was false and/or with reckless disregard to the truth and to Plaintiffs' well being.

96.   The above-described testimony was spoken by Defendants Perez and Does 8 through 10, inclusive, with malice, oppression and fraud and an award of exemplary and punitive damages in an amount to be proved at trial is warranted.

97.   By reason of the aforementioned acts of Defendants Perez and Does 8 through 10, inclusive, and each of them, Plaintiffs were severely humiliated and suffered severe anxiety, and emotional distress.  Furthermore, Plaintiffs encountered and will continue to encounter expenses relating to their claims.

## THIRTEENTH CAUSE OF ACTION
## CIVIL CODE SECTION 47.5
## BY PLAINTIFFS AGAINST DEFENDANTS COUNTY OF LOS ANGELES, GIL GARCETTI, LAURA LAESECKE, ANNE INGALLS, AND DOES 1 THROUGH 4, INCLUSIVE

98.   Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 97, inclusive, as if fully set forth herein.

99.   Defendants County, Garcetti, Laesecke, Ingalls and Does 1 through 4, inclusive, knew that Defendants Perez and Does 8 through 10, inclusive, had failed numerous polygraph examinations conducted by the Los Angeles Police Department.  However, without conducting a thorough investigation, and as a result of a race to beat the legal deadline, the charges were filed against Plaintiffs, just two days before the statue of limitations on their alleged crimes expired.

-27-

100.   Said Defendants filed a false complaint with the court alleging misconduct, criminal conduct or incompetence.  The complaint was made with knowledge that it was false and that it was made with spite, hatred, or ill will.  Said Defendants knew that the complaint was false and that the Defendants had no reasonable grounds to believe the statements made by Perez and Does 8 through 10, inclusive, were true and that Defendants exhibited a reckless disregard for ascertaining the truth.

101.   Said Defendants stated to the media during an interview that " ... [a]ll we have is Rafael Perez pointing the  finger at you.  That's all I have: a convicted perjurer, a liar, a thief."

102.   With the knowledge that Defendants Perez and Does 8 through 10, inclusive, were perjurers, liars and thieves, Defendants County, Garcetti, Laesecke, Ingalls and Does 1 through 4, inclusive, filed a complaint with the knowledge that it was false and that it was made with spite, hatred, or ill will.

103.   Therefore, Defendants County, Garcetti, Laesecke, Ingalls and Does 1 through 4, inclusive, should be held liable to Plaintiffs' damages Pursuant to California Civil Code Section 47.5 and <u>Milstein vs. Cooley</u> (9th Cir. July 20, 2001) 257 F.3d 1004.

## FOURTEENTH CAUSE OF ACTION
## RETALIATION AND HARASSMENT
## BY PLAINTIFFS' AGAINST ALL DEFENDANTS

104.   Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 103, inclusive, as if fully set forth herein.

105.   All of the above-described acts, conduct and omission of Defendants in Paragraphs 1 through 104, inclusive, and each of them, was conducted with malice, hatred, ill will and reckless disregard for ascertaining the truth and to retaliate and harass Plaintiffs.

106. As a direct and proximate cause of the unlawful conducts and actions alleged herein, Plaintiffs have suffered and continue to suffer loss of employment, loss of earnings, loss of promotional opportunities, loss of employment benefits and loss of sick time, severe emotional distress, humiliation, anxiety, humiliation, credibility and loss of place in the society, the exact amount of which will be determined at trial.

## FIFTEENT CAUSE OF ACTION
## NEGLIGENCE
## BY PLAINTIFFS AGAINST ALL DEFENDANTS

107. Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 106, inclusive, as if fully set forth herein.

108. Defendants, and each of them, behaved negligently toward Plaintiffs causing the Plaintiffs to be injured.

109. As a result of the said negligence, Defendants and Does 1 through 10, inclusive, are liable for Plaintiffs damages.

WHEREFORE, PLAINTIFFS PAUL D. HARPER, BRIAN D. LIDDY AND EDWARD ORTIZ PRAY FOR JUDGMENT ON ALL CAUSES OF ACTIONS AGAINST THE DEFENDANTS AS FOLLOWS:

1. For general damages in an amount according to proof;

2. For medical expenses in an amount according to proof;

3. For loss of earnings and earning capacity, according to proof;

4. For punitive damages in an amount appropriate to punish Defendants, except Defendants City of Los Angeles and County of Los Angeles, for their wrongful conduct and as an example for others;

5. For reasonable attorneys' fees pursuant to Title 42 of the United States Code, Section 1988 (b).

6.     For costs of suit herein incurred;

7.     For interest allowed by law; and

8.     For such other and further relief as the Court deems proper.

Dated:  November 14, 2001              LAW OFFICES OF ETA Z. LORANT

                                     By: _____

                                         ETAN Z. LORANT
                                         Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

The Plaintiffs in the above-entitled action request a trial by jury pursuant to Rule of the Federal Rules of Civil Procedure.

Dated:  November 14, 2001              LAW OFFICES OF ETAN Z. LORANT

                                     By: _____

                                         ETAN Z. LORANT
                                         Attorneys for Plaintiffs

# Exhibit A

1    Etan Z. Lorant, Esq., SBN: 108820
     LAW OFFICES OF ETAN Z. LORANT
2    16530 Ventura Boulevard, Suite 211
     Encino, California 91436
3    (818) 990-3990

4

5    Attorneys for Claimant,
     PAUL D. HARPER
6

7

8                    **CITY OF LOS ANGELES**

9

10

11    IN THE MATTER OF THE APPLICATION      )      CLAIM NO.: UNASSIGNED
     FOR PERMISSION TO FILE LATE CLAIM OF   )
12                                     )

13    PAUL D. HARPER,                          )      **APPLICATION TO FILE LATE**
                                     )      **CLAIM AGAINST PUBLIC**
14             Claimant,               )      **ENTITY**
                                       )
15    vs.                                          )      Government Code §945.3
                                       )
16    CITY OF LOS ANGELES                  )
                                       )
17 _____ )

18      TO:    CITY OF LOS ANGELES:

19      1.      PAUL D. HARPER, hereinafter referred to as "Claimant", hereby applies to

20      the City of Los Angeles for leave to present a claim against said City pursuant

21      to Section 945.3 of the California Government Code.

22      2.      The cause of action of Claimant as set forth in his proposed claim attached

23      hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24,

24      2000, Claimant was falsely arrested and imprisoned. After a lengthy trial,

25      Claimant was acquitted of all false allegations against him and was found **not**

26      **guilty** on November 15, 2000, a period within one year from the filing of this

27      application.

28      3.      Claimant was and is a police officer for the Los Angeles Police Department.

-1-

4.   As a result of false allegations of an 18th Street gang member, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.   Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.   After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him.

7.   After the jury found Claimant **NOT GUILTY** of all the allegations against him in the Criminal Court,  Claimant had to go through administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations by the convicted 18th Street gang member and disgraced former Police Officer Rafael Perez.

8.   The first Board of Rights hearings were completed on or about May 17, 2001 and all the false allegations against Claimant were dismissed.

9.   The second Board of Rights hearings were completed on or about June 25, 2001.

10.   The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for

-2-

which a claim was not timely presented, as shown in the Declaration of Etan Z. Lorant.

11. The Claimant's causes of action were not ripe until the jury's acquittal of November 15, 2000 and further, his administrative hearings were not completed until June 25, 2001. Therefore, Government Code §945.3, which in pertinent part states that "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer ... while the charges against the accused are pending before a municipal or superior court. Any applicable statue of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court." should be applied in this matter and allow Claimant to file a late claim against the public entity.

12. The public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 because the City is the public entity who maliciously prosecuted the Claimant and the District Attorney's office operated as both law enforcement and a prosecutorial agency in this case.

13. This Application will be supported and based on the grounds stated in Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities filed in support herewith.

Wherefore, it is respectfully requested that this Application be granted and that the attached claim be received and acted upon in accordance with Government Code Section 945.3.

Dated: November 12, 2001

LAW OFFICES OF ETAN Z. LORANT

By: _____

ETAN Z. LORANT
Attorneys for Claimant

-3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member and disgraced former Police Officer Rafael Perez, who is also a convicted felon. Even though at the time of the arrest, Claimant was an honorable police officer with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence. Claimant had to post bail, go through Grand Jury proceedings and a lengthy Jury Trial. The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police officer.

Furthermore, as a result of the same false allegations, Claimant had to go through administrative proceedings known as Board of Rights hearings. The first Board of Rights hearings were completed on or about May 17, 2001, wherein Claimant, once again, was found not guilty of all allegations against him. The second administrative proceedings were completed on June 25, 2001.

Even though the Claimant was acquitted and found not guilty of all allegations against him on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending. Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

1    Therefore, Claimant is presenting this Application to File Late Claim Against Public

2  Entity and asking this Honorable Board to grand the Application in accordance with

3  Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

4

5                                            **II**

6      **WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE**

7          **STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT**

8        California Government Code Section 945.3 prohibits commencement of civil action

9  against peace officers or their employers while related criminal action is pending and tolls

10  statue of limitations for filing and prosecuting those actions.  Damjanovic vs. Ambrose (App. 2

11  Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

12        California Government Code Section 945.3 in pertinent part states that:

13            "No person charged by indictment, information, complaint, or

14            other accusatory pleading charging a criminal offense may bring

15            a civil action for money or damages against a peace officer or the

16            public entity employing a peace officer . . . while the charges

17            against the accused are pending before a municipal or superior

18            court.

19            Any applicable statue of limitations for filing and prosecuting

20            these actions shall be tolled during the period that the charges are

21            pending before a municipal or superior court."

22        In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about

23  April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations

24  against him on or about November 15, 2000. Therefore, California Government Code Section

25  945.3 should be applied.

26        Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88

27  F.Supp.2d 1118, stated that

28

                                            -5-

1    "Under California law, the statue of limitations governing a civil

2    action for damages against a peace officer *or the public entity*

3    *employing the peace officer* is tolled while criminal proceedings

4    are pending when the complaint is based upon conduct relating to

5    the criminal prosecution." [emphasis added].

6         Further, the Harned Court, supra, stated that "[U]nder California law providing that

7    statue of limitations governing a civil action for damages against a peace office is tolled while

8    criminal proceedings are pending, criminal charges are "pending" until the date of judgment."

9    In addition, suits brought under §§1983, the statute of limitations governing a civil action for

10   damages against a peace officer is also tolled while criminal charges are pending.  (Harned vs.

11   Landahl, supra.)

12        In the case of Torres vs. City of Santa Ana (1997) 108 F.3d 224, the Court also held

13   that:

14        "In California, statue of limitations for §1983 actions that are

15        based on officer's conduct relating to offense of which plaintiff is

16        accused is tolled while criminal charges are pending."

17        In this case at hand, the criminal charges against Claimant were pending until the date

18   of his judgment that is the date of his acquittal on November 15, 2000 and the District

19   Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore,

20   the statute of limitations governing the civil action should be tolled for a reasonable time, not

21   to exceed the one year statute from the date of the acquittal.  (See, McAlpine v. Alameda

22   County Superior Court (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; Emmert vs.

23   County of Sonoma, N.D. Cal. 1993, 836 F.Supp. 715.)

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-6-

### III

### THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT

### THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.    (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity prior him being reinstated with the Los Angeles Police Department, he would be subjected to more retaliation and harassment.

Therefore, Claimant waited until after the completion of his second Board of Rights hearings of June 25, 2001, to file this Application.  This application is well within six months from the completion of the second Board of Rights hearing and within one year from his acquittal of criminal charges in the superior court.

-7-

1    For the foregoing reasons, Claimant is asking this Honorable Board to apply

2  Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant

3  to file late government entity claim.

4    By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice.

5  The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or

6  excusable neglect.

7

8                                **IV**

9                           **CONCLUSION**

10   As a result of the false allegations mentioned throughout the Application, Claimant was

11  falsely arrested and imprisoned, had to post bail, had his residence searched, went through

12  Grand Jury Proceedings, and a humiliating jury trial, which caused Claimant emotional distress

13  and psychic injuries. Claimant's reputation was destroyed and also affected his career as a

14  police officer.

15   Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief

16  for late claimants who file their claims against public entity beyond the statutory six month

17  period for filing claims, if filed within reasonable time not to exceed one year after accrual of

18  cause of action where claimants establish that failure to preset claim on time was through

19  mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict

20  compliance with the claims presentation period for persons excusably neglectful.  (Segal vs.

21  State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d

22  509.

23   For the foregoing reasons, The Claimant is asking the City of Los Angeles to grand this

24  application and file the attached Claim for Damages.

25

26  Dated:  November 12, 2001                LAW OFFICES OF ETAN Z. LORANT

27                                           By:  _____

28                                                ETAN Z. LORANT
                                                  Attorneys for Claimant

                                           -8-

_____

## DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.    I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.    That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below.  That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.    As a result of false allegations by an 18th Street gang member, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.    The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.    Even though, Claimant is and was an honorable police office with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police officer, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.    As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, had his residence searched, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial which ruined his reputation and had and will have negative affect on his carrier.

7.    On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him.

-9-

8.    After the criminal trial, Claimant went through administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations by the same parties.

9.    The administrative hearings were completed on June 25, 2001.

10.   Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his administrative hearings because he strongly believed that if he filed any government entity claims, his career as a police officer would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

11.   Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

12.   By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice.  The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect

13.   Fore the foregoing reasons, the Claimant is respectfully requesting that the City of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

ETAN Z. LORANT

-10-

Application to File Late Claim Against Public Entity

FORM CONT 100-A

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

TRIPLICATE FOR CLAIMANT
(This copy of claim to be stamped "Received" by City Clerk)

RESERVE FOR FILING STAMP

CLAIM NO. _____ _____ ___

## INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurence. (Gov. Code Sec. 911.2)

2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)

3. Read entire claim before filing.

4. See Page 2 for diagram upon which to locate place of accident.

5. This claim form must be signed on Page 2 at bottom.

6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.

7. Claim must be filed with CITY CLERK. (Gov. Code Sec. 915a)
   200 NORTH SPRING STREET, ROOM 395, LOS ANGELES, CA 90012

TO: CITY OF LOS ANGELES

| Name of Claimant | | Age of Claimant |
|---|---|---|
| Paul D. Harper | | 34 |

| Home address of Claimant | City and State | Home Telephone Number |
|---|---|---|
| Right of privacy. Claimant requests correspondence to be send to his counsel. | | |

| Business address of Claimant | City and State | Business Telephone Number |
|---|---|---|
| Right of privacy. Claimant requests corespondence to be sent to his counsel. | | |

Give address to which you desire notices or communications to be sent regarding this claim:
Law Offices of Etan Z. Lorant
16530 Ventura Boulevard, Suite 211, Encino, CA 91436 (818) 990-3990

How did DAMAGE or INJURY occur? Please include as much detail as possible.

See Attachmen "A".

When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.

November 15, 2000.

Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:

Los Angeles, California

What particular ACT or OMISSION do you claim caused the injury or damage? Please give the names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

See Attachment "B"

Please list the names and address of Witnesses, Doctors and Hospitals:

Unknown at this time.

SEE PAGE 2 (OVER)                    THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

What DAMAGE or INJURIES do your claim resulted? Please give full extent of injuries or damages claimed

See Attachment "C"

What is the AMOUNT of your claim? Please itemize your damages:

$10,000,000.00

If you have received any insurance payments, please give the names of the insurance companies:

Not applicable.

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners. Please indicate where North is on the diagram.

Note: If the diagram does not fit the situation, please attach your own diagram.



ETAN Z. LORANT, ESQ.          November 12, 2001

Signature of Claimant or person filing          Typed Name:          Date:
on claimant's behalf giving relationship
to claimant:

## ATTACHMENT "A"

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned. Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

11-12-01

**ATTACHMENT "B"**

What particular ACT or OMISSION do you claim caused the injury or damage?

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory.

**Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number if known.**

Chief of Police Bernard Parks, former Police Officer Rafael Perez and other detectives and city employees.

12-01

## ATTACHMENT "C"

**What DAMAGE or INJURIES do you claim resulted?  Please give full extend of injuries or damages claimed.**

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

11-12-01

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages** on all of the following interested parties to this action:

City Clerk
City of Los Angeles
200 North Spring Street, Room 395
Los Angeles, California 90012

[X]     **PERSONAL SERVICE:**     By causing a true copy thereof to be delivered personally at the addresses as stated above.

(STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **November 14, 2001**, at Encino, California.

_____
ETAN Z. LORANT

1   Etan Z. Lorant, Esq., SBN: 108820
    LAW OFFICES OF ETAN Z. LORANT
2   16530 Ventura Boulevard, Suite 211
    Encino, California 91436
3   (818) 990-3990

4

5   Attorneys for Claimant,
    PAUL D. HARPER

6

7

8                    LOS ANGELES COUNTY BOARD OF SUPERVISORS

9

10

11  IN THE MATTER OF THE APPLICATION    )    CLAIM NO.: UNASSIGNED
    FOR PERMISSION TO FILE LATE CLAIM OF )
12                                       )
                                         )
13  PAUL D. HARPER,                      )    **APPLICATION TO FILE LATE**
                                         )    **CLAIM AGAINST PUBLIC**
14             Claimant,                 )    **ENTITY**
                                         )
15  vs.                                  )    Government Code §945.3
                                         )
16  COUNTY OF LOS ANGELES                )
                                         )
17  _____ )

18  TO:   LOS ANGELES COUNTY BOARD OF SUPERVISORS:

19  1.    PAUL D. HARPER, hereinafter referred to as "Claimant", hereby applies to

20        the County of Los Angeles for leave to present a claim against said County

21        pursuant to Section 945.3 of the California Government Code.

22  2.    The cause of action of Claimant as set forth in his proposed claim attached

23        hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24,

24        2000, Claimant was falsely arrested and imprisoned.  After a lengthy trial,

25        Claimant was acquitted of all false allegations against him and was found **not**

26        **guilty**  on November 15, 2000, a period within one year from the filing of this

27        application.

28  3.    Claimant was and is a police officer for the Los Angeles Police Department.

                                    -1-

_____

                Application to File Late Claim Against Public Entity

4.   As a result of false allegations of an 18th Street gang member, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.   Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.   After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him.

7.   After the jury found Claimant **NOT GUILTY** of all the allegations against him in the Criminal Court, Claimant had to go through administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations by the convicted 18th Street gang member and disgraced former Police Officer Rafael Perez.

8.   The first Board of Rights hearings were completed on or about May 17, 2001 and all the false allegations against Claimant were dismissed.

9.   The second Board of Rights hearings were completed on or about June 25, 2001.

10.  The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for

-2-

1   which a claim was not timely presented, as shown in the Declaration of Etan Z.

2   Lorant.

3   11.   The Claimant's causes of action were not ripe until the jury's acquittal of

4   November 15, 2000 and further, his administrative hearings were not completed

5   until June 25, 2001.  Therefore, Government Code §945.3, which in pertinent

6   part states that "No person charged by indictment, information, complaint, or

7   other accusatory pleading charging a criminal offense may bring a civil action

8   for money or damages against a peace officer or the public entity employing the

9   peace officer ... while the charges against the accused are pending before a

10   municipal or superior court.  Any applicable statue of limitations for filing and

11   prosecuting these actions shall be tolled during the period that the charges are

12   pending before a municipal or superior court." should be applied in this matter

13   and allow Claimant to file a late claim against the public entity.

14   12.   The public entity was not prejudiced by the failure to present the claim within

15   the time specified in Section 911.2 because the County is the public entity who

16   maliciously prosecuted the Claimant and the District Attorney's office operated

17   as both law enforcement and a prosecutorial agency in this case.

18   13.   This Application will be supported and based on the grounds stated in

19   Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities

20   filed in support herewith.

21

22   Wherefore, it is respectfully requested that this Application be granted and that the

23   attached claim be received and acted upon in accordance with Government Code Section

24   945.3.

25

26   Dated:  November 12, 2001          LAW OFFICES OF ETAN Z. LORANT

27                                              By: _____

28                                                   ETAN Z. LORANT
                                                     Attorneys for Claimant

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member and disgraced former Police Officer Rafael Perez, who is also a convicted felon. Even though at the time of the arrest, Claimant was an honorable police officer with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence. Claimant had to post bail, go through a Grand Jury proceedings and a lengthy Jury Trial. The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police officer.

Furthermore, as a result of the same false allegations, Claimant had to go through administrative proceedings known as Board of Rights hearings. The first Board of Rights hearings were completed on or about May 17, 2001, wherein Claimant, once again, was found not guilty of all allegations against him. The second administrative proceedings were completed on June 25, 2001.

Even though the Claimant was acquitted and found not guilty of all allegations against him on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending. Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

1   Therefore, Claimant is presenting this Application to File Late Claim Against Public

2   Entity and asking this Honorable Board to grand the Application in accordance with

3   Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

4

5   **II**

6   **WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE**

7   **STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT**

8   California Government Code Section 945.3 prohibits commencement of civil action

9   against peace officers or their employers while related criminal action is pending and tolls

10   statue of limitations for filing and prosecuting those actions. Damjanovic vs. Ambrose (App. 2

11   Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

12   California Government Code Section 945.3 in pertinent part states that:

13   "No person charged by indictment, information, complaint, or

14   other accusatory pleading charging a criminal offense may bring

15   a civil action for money or damages against a peace officer or the

16   public entity employing a peace officer . . . while the charges

17   against the accused are pending before a municipal or superior

18   court.

19   Any applicable statue of limitations for filing and prosecuting

20   these actions shall be tolled during the period that the charges are

21   pending before a municipal or superior court."

22   In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about

23   April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations

24   against him on or about November 15, 2000. Therefore, California Government Code Section

25   945.3 should be applied.

26   Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88

27   F.Supp.2d 1118, stated that

28

-5-

Application to File Late Claim Against Public Entity

1            "Under California law, the statue of limitations governing a civil

2            action for damages against a peace officer *or the public entity*

3            *employing the peace officer* is tolled while criminal proceedings

4            are pending when the complaint is based upon conduct relating to

5            the criminal prosecution." [emphasis added].

6        Further, the <u>Harned</u> Court, supra, stated that "[U]nder California law providing that

7 statue of limitations governing a civil action for damages against a peace office is tolled while

8 criminal proceedings are pending, criminal charges are "pending" until the date of judgment."

9 In addition, suits brought under §§1983, the statute of limitations governing a civil action for

10 damages against a peace officer is also tolled while criminal charges are pending.  (<u>Harned vs.</u>

11 <u>Landahl</u>, supra.)

12        In the case of <u>Torres vs. City of Santa Ana</u> (1997) 108 F.3d 224, the Court also held

13 that:

14            "In California, statue of limitations for §1983 actions that are

15            based on officer's conduct relating to offense of which plaintiff is

16            accused is tolled while criminal charges are pending."

17        In this case at hand, the criminal charges against Claimant were pending until the date

18 of his judgment that is the date of his acquittal on November 15, 2000 and the District

19 Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore,

20 the statute of limitations governing the civil action should be tolled for a reasonable time, not

21 to exceed the one year statute from the date of the acquittal.  (See, <u>McAlpine v. Alameda</u>

22 <u>County Superior Court</u> (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; <u>Emmert vs.</u>

23 <u>County of Sonoma,</u> N.D. Cal. 1993, 836 F.Supp. 715.)

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

-6-

### III

### THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT

### THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.    (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity prior him being reinstated with the Los Angeles Police Department, he would be subjected to more retaliation and harassment.

Therefore, Claimant waited until after the completion of his second Board of Rights hearings of June 25, 2001, to file this Application.  This application is well within six months from the completion of the second Board of Rights hearing and within one year from his acquittal of criminal charges in the superior court.

-7-

1    For the foregoing reasons, Claimant is asking this Honorable Board to apply

2  Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant

3  to file late government entity claim.

4    By allowing Claimant to file a late claim, the County of Los Angeles will not be

5  prejudice. The County of Los Angeles will not be prejudiced by this mistake, inadvertence,

6  surprise or excusable neglect.

7

8                                           **IV**

9                                    **CONCLUSION**

10    As a result of the false allegations mentioned throughout the Application, Claimant was

11  falsely arrested and imprisoned, had to post bail, go through Grand Jury Proceedings, and a

12  humiliating jury trial, which caused Claimant emotional distress and psychic injuries.

13  Claimant's reputation was destroyed and also affected his career as a police officer.

14    Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief

15  for late claimants who file their claims against public entity beyond the statutory six month

16  period for filing claims, if filed within reasonable time not to exceed one year after accrual of

17  cause of action where claimants establish that failure to preset claim on time was through

18  mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict

19  compliance with the claims presentation period for persons excusably neglectful. (Segal vs.

20  State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d

21  509.

22    For the foregoing reasons, The Claimant is asking the Los Angeles County Board of

23  Supervisors to grand this application and file the attached Claim for Damages.

24

25  Dated: November 12, 2001                 LAW OFFICES OF ETAN Z. LORANT

26

27                                           By: _____

28                                               ETAN Z. LORANT
                                                 Attorneys for Claimant
                              -8-

## DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.   I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.   That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below.  That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.   As a result of false allegations by an 18th Street gang member, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.   The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.   Even though, Claimant is and was an honorable police office with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police officer, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.   As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial which ruined his reputation and had and will have negative affect on his carrier.

7.   On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him.

-9-

8.   After the criminal trial, Claimant went through administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations by the same parties.

9.   The administrative hearings were completed on June 25, 2001.

10.  Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his administrative hearings because he strongly believed that if he filed any government entity claims, his career as a police officer would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

11.  Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

12.  By allowing Claimant to file a late claim, the County of Los Angeles will not be prejudice.  The County of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect

13.  Fore the foregoing reasons, the Claimant is respectfully requesting that the County of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

ETAN Z. LORANT

-10-

Application to File Late Claim Against Public Entity

COUNTY OF LOS ANGELES

# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY



## INSTRUCTIONS
1. Read entire claim thoroughly.
2. Fill out claim as indicated.
   Attach additional information if necessary.
3. If attachments are submitted, one original plus two (2) copies of each attachment must be attached to claim.
4. This claim form must be signed.

TIME STAMP HERE
FOR OFFICE USE ONLY

| | |
|---|---|
| 1. NAME OF CLAIMANT<br>Paul D. Harper | 10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?<br>See Attachment "A" and "B" |
| 2. ADDRESS AND TELEPHONE NUMBER TO WHICH YOU DESIRE NOTICES OR COMMUNICATIONS TO BE SENT:<br>(818) 990-5900<br>Law Offices of Etan Z. Lorant<br>(Street, City, State, Zip Code)<br>16530 Ventura Bl., Suite 211, Encino, CA 91436 | |
| HOME TELEPHONE   N/A     BUSINESS PHONE  N/A | 11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):<br>NAME                                    DEPT.<br>See Attachment "C" |
| 3. DATE OF BIRTH OF CLAIMANT   N/A     4. CLAIMANT'S SOCIAL SECURITY NUMBER   N/A | |
| 5. WHEN DID DAMAGE OR INJURY OCCUR?<br>DATE  November 15, 2000     TIME | 12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:<br>NAME  Unknown at this time.     PHONE<br>ADDRESS |
| 6. WHERE DID DAMAGE OR INJURY OCCUR?<br>(Street, City, State, Zip Code)<br>Los Angeles County | |
| 7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:<br>See Attachment "A" and "B" | NAME     PHONE<br>ADDRESS |
| | NAME     PHONE<br>ADDRESS |
| | 13. LIST DAMAGES INCURRED TO DATE (And attach copy of receipts or repair estimates)<br>See Attachment "D" |
| 8. WHERE POLICE OR PARAMEDICS CALLED? ☐ YES ☐ NO  N/A | |
| 9. IF A PHYSICIAN WAS VISITED BECAUSE OF THIS INJURY, STATE DATE, NAME, AND ADDRESS OF PHYSICIAN OF YOUR FIRST VISIT:  N/A<br>DATE OF FIRST VISIT     PHYSICIAN'S NAME | |
| PHYSICIAN'S ADDRESS     PHONE | TOTAL DAMAGES TO DATE:     TOTAL ESTIMATED PROSPECTIVE DAMAGES<br>$                     ;10,000,000.00 |

## THIS CLAIM MUST BE SIGNED
**NOTE:** *PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)*

### WARNING
— CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

— IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

### READ CAREFULLY
INDICATE NORTH

SHOW the location and position of vehicle(s) at point of impact.

SHOW your vehicle as ① , the other vehicle as ②

SHOW the name of the street(s), location of stop signs, signals.

| | |
|---|---|
| 14. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT: | 15. PRINT OR TYPE NAME     DATE<br>ETAN Z. LORANT, ESQ. November 12, 2001 |

WHITE COPIES — Deliver or mail to:   Executive Officer, Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St., LA., CA 90012
Telephone Number (213) 974-1440

PINK COPY — For your personal records.

76C21202 - 7/93

## ATTACHMENT "A"

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned. Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

# ATTACHMENT "B"

**What particular ACT or OMISSION do you claim caused the injury or damage?**

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory.

**ATTACHMENT "C"**

11. **NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE)**

GIL GARCETTI, District Attorney for Los Angeles County, LAURA LAESECKE, Deputy District Attorney for Los Angeles County, ANNE INGALLS, Deputy District Attorney for Los Angeles County and other county employees

# ATTACHMENT "D"

### 13. LIST DAMAGES INCURRED TO DATE

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

   On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages to Person or Property** on all of the following interested parties to this action:

Executive Officer
Board of Supervisors
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street, Room 383
Los Angeles, California 90012

**[X]    PERSONAL SERVICE:**    By causing a true copy thereof to be delivered personally at the addresses as stated above.

   (STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

   Executed on **November 14, 2001**, at Encino, California.

                                                          /S/
                                     _____
                                     ETAN Z. LORANT

**Exhibit B**

Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
16530 Ventura Boulevard, Suite 211
Encino, California 91436
(818) 990-3990


Attorneys for Claimant,
BRIAN D. LIDDY


# CITY OF LOS ANGELES


| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR PERMISSION TO FILE LATE CLAIM OF<br><br>BRIAN D. LIDDY,<br><br>          Claimant,<br><br>vs.<br><br>CITY OF LOS ANGELES | CLAIM NO.: UNASSIGNED<br><br>**APPLICATION TO FILE LATE CLAIM AGAINST PUBLIC ENTITY**<br><br>Government Code §945.3 |

TO:    CITY OF LOS ANGELES:

1.    BRIAN D. LIDDY, hereinafter referred to as "Claimant", hereby applies to the City of Los Angeles for leave to present a claim against said City pursuant to Section 945.3 of the California Government Code.

2.    The cause of action of Claimant as set forth in his proposed claim attached hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24, 2000, Claimant was falsely arrested and imprisoned.  After a lengthy trial, Claimant was acquitted of all false allegations against him related to the arrest of convicted felon, 18th Street gang member, Allan Manrique Lobos on or about April 26, 1996, and was found **not guilty** of the said allegations on November 15, 2000, a period within one year from the filing of this application.

-1-

3.   Claimant was and is a police sergeant for the Los Angeles Police Department.

4.   As a result of false allegations of an 18th Street gang member, Allan Manrique Lobos, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.   Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.   After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

7.   Even though the jury found Claimant **NOT GUILTY** of all the above reference allegations against him in the Criminal Court,  Claimant's administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations made by the convicted 18th Street gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, are still pending.

8.   The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and <u>Monnell</u> Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for which a claim was not timely presented, as shown in the Declaration of Etan Z. Lorant.

9.  The Claimant's causes of action were not ripe until the jury's acquittal of November 15, 2000. Therefore, <u>Government Code</u> §945.3, which in pertinent part states that "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer ... while the charges against the accused are pending before a municipal or superior court. Any applicable statue of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court." should be applied in this matter and allow Claimant to file a late claim against the public entity.

10. The public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 because the City is the public entity who maliciously prosecuted the Claimant and the District Attorney's office operated as both law enforcement and a prosecutorial agency in this case.

11. This Application will be supported and based on the grounds stated in Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities filed in support herewith.

Wherefore, it is respectfully requested that this Application be granted and that the attached claim be received and acted upon in accordance with Government Code Section 945.3.

Dated: November 12, 2001               LAW OFFICES OF ETAN Z. LORANT


                                       By: _____
                                           ETAN Z. LORANT
                                           Attorneys for Claimant

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, who is also a convicted felon.  Even though at the time of the arrest, Claimant was an honorable police sergeant with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence.  Claimant had to post bail, go through Grand Jury proceedings and a lengthy Jury Trial.  The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him related to the arrest of Allan Manrique Lobos on or about April 26, 1996.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police sergeant.

Furthermore, as a result of the same false allegations, Claimant's administrative proceedings known as Board of Rights hearings, are still pending.

Even though the Claimant was acquitted and found not guilty of all allegations against him related to the arrest of Allan Manrique Lobos, on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending.  Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

Therefore, Claimant is presenting this Application to File Late Claim Against Public Entity and asking this Honorable Board to grand the Application in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

## II

## WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT

California Government Code Section 945.3 prohibits commencement of civil action against peace officers or their employers while related criminal action is pending and tolls statue of limitations for filing and prosecuting those actions. Damjanovic vs. Ambrose (App. 2 Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

California Government Code Section 945.3 in pertinent part states that:

> "No person charged by indictment, information, complaint, or
> other accusatory pleading charging a criminal offense may bring
> a civil action for money or damages against a peace officer or the
> public entity employing a peace officer . . . while the charges
> against the accused are pending before a municipal or superior
> court.
> Any applicable statue of limitations for filing and prosecuting
> these actions shall be tolled during the period that the charges are
> pending before a municipal or superior court."

In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos, on or about November 15, 2000. Therefore, California Government Code Section 945.3 should be applied.

Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88 F.Supp.2d 1118, stated that

-5-

1        "Under California law, the statue of limitations governing a civil

2        action for damages against a peace officer *or the public entity*

3        *employing the peace officer* is tolled while criminal proceedings

4        are pending when the complaint is based upon conduct relating to

5        the criminal prosecution." [emphasis added].

6     Further, the <u>Harned</u> Court, supra, stated that "[U]nder California law providing that

7 statue of limitations governing a civil action for damages against a peace office is tolled while

8 criminal proceedings are pending, criminal charges are "pending" until the date of judgment."

9 In addition, suits brought under §§1983, the statute of limitations governing a civil action for

10 damages against a peace officer is also tolled while criminal charges are pending.  (<u>Harned vs.</u>

11 <u>Landahl</u>, supra.)

12     In the case of <u>Torres vs. City of Santa Ana</u> (1997) 108 F.3d 224, the Court also held

13 that:

14        "In California, statue of limitations for §1983 actions that are

15        based on officer's conduct relating to offense of which plaintiff is

16        accused is tolled while criminal charges are pending."

17     In this case at hand, the criminal charges against Claimant were pending until the date

18 of his judgment that is the date of his acquittal on November 15, 2000 and the District

19 Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore,

20 the statute of limitations governing the civil action should be tolled for a reasonable time, not

21 to exceed the one year statute from the date of the acquittal.  (See, <u>McAlpine v. Alameda</u>

22 <u>County Superior Court</u> (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; <u>Emmert vs.</u>

23 <u>County of Sonoma</u>, N.D. Cal. 1993, 836 F.Supp. 715.)

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

-6-

### III

### THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT

### THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.   (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity, he would be subjected to more retaliation and harassment.

For the foregoing reasons, Claimant is asking this Honorable Board to apply Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant to file late government entity claim.

By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice. The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

## IV

## CONCLUSION

As a result of the false allegations mentioned throughout the Application, Claimant was falsely arrested and imprisoned, had to post bail, had his residence searched, went through Grand Jury Proceedings, and a humiliating jury trial, which caused Claimant emotional distress and psychic injuries. Claimant's reputation was destroyed and also affected his career as a police sergeant.

Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief for late claimants who file their claims against public entity beyond the statutory six month period for filing claims, if filed within reasonable time not to exceed one year after accrual of cause of action where claimants establish that failure to preset claim on time was through mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict compliance with the claims presentation period for persons excusably neglectful. (Segal vs. State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d 509.

For the foregoing reasons, The Claimant is asking the City of Los Angeles to grand this application and file the attached Claim for Damages.

Dated:  November 12, 2001

LAW OFFICES OF ETAN Z. LORANT

By:  _____
ETAN Z. LORANT
Attorneys for Claimant

8

## DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.  I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.  That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below. That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.  As a result of false allegations by an 18th Street gang member Allan Manrique Lobos, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.  The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.  Even though, Claimant is and was an honorable police sergeant with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police sergeant, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.  As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, had his residence searched, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial, which ruined his reputation and had and will have negative affect on his carrier.

7.  On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996

-9-

8.   Even though the Claimant was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos at the criminal trial , Claimant's administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations are still pending.

9.   Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his criminal trial because he strongly believed that if he filed any government entity claims, his career as a police sergeant would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

10.  Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

11.  By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice.  The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

12.  Fore the foregoing reasons, the Claimant is respectfully requesting that the City of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

ETAN Z. LORANT

FORM GEN 996A

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

TRIPLICATE FOR CLAIMANT
(This copy of claim to be stamped "Received" by City Clerk)

RESERVE FOR FILING STAMP

CLAIM NO.

### INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurence. (Gov. Code Sec. 911.2)

2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)

3. Read entire claim before filing.

4. See Page 2 for diagram upon which to locate place of accident.

5. This claim form must be signed on Page 2 at bottom.

6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.

7. Claim must be filed with CITY CLERK. (Gov. Code Sec. 915a)
   200 NORTH SPRING STREET, ROOM 395, LOS ANGELES, CA 90012

TO: CITY OF LOS ANGELES

| Name of Claimant | Age of Claimant |
|---|---|
| Brian D. Liddy | 40 |

| Home address of Claimant | City and State | Home Telephone Number |
|---|---|---|
| Right of privacy. Claimant requests correspondence to be send to his counsel. | | |

| Business address of Claimant | City and State | Business Telephone Number |
|---|---|---|
| Right of privacy. Claimant requests correspondence to be send to his counsel. | | |

Give address to which you desire notices or communications to be sent regarding this claim:
Law Offices of Etan Z. Lorant
16530 Ventura Boulevard, Suite 211, Encino, CA 91436

How did DAMAGE or INJURY occur? Please include as much detail as possible.

See Attachment "A"

When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.

November 15, 2000

Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:

Los Angeles County

What particular ACT or OMISSION do you claim caused the injury or damage? Please give the names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

See Attachment "B"

Please list the names and address of Witnesses, Doctors and Hospitals:

Unknown at this time.

SEE PAGE 2 (OVER)                THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

What DAMAGE or INJURIES do you claim resulted? Please give full extent of injuries or damages claimed.

See Attachment "C"

What is the AMOUNT of your claim? Please itemize your damages.

$10,000,000.00

If you have received any insurance payments, please give the names of the insurance companies:

Not applicable.

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners. Please indicate where North is on the diagram.

Note: If the diagram does not fit the situation, please attach your own diagram.



| | |
|---|---|
| ETAN Z. LORANT, ESQ. | November 12, 2001 |
| Signature of Claimant or person filing on claimant's behalf giving relationship to claimant: | Typed Name: |

Date:

## ATTACHMENT "A"

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned. Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

## ATTACHMENT "B"

What particular ACT or OMISSION do you claim caused the injury or damage?

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory.

**Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number if known.**

Chief of Police Bernard Parks, former Police Officer Rafael Perez and other detectives and city employees.

## ATTACHMENT "C"

**What DAMAGE or INJURIES do you claim resulted?  Please give full extend of injuries or damages claimed.**

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages** on all of the following interested parties to this action:

City Clerk
City of Los Angeles
200 North Spring Street, Room 395
Los Angeles, California 90012

**[X]**    **PERSONAL SERVICE:**    By causing a true copy thereof to be delivered personally at the addresses as stated above.

(STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **November 14, 2001**, at Encino, California.

_____
ETAN Z. LORANT

1   Etan Z. Lorant, Esq., SBN: 108820
    LAW OFFICES OF ETAN Z. LORANT
2   16530 Ventura Boulevard, Suite 211
    Encino, California 91436
3   (818) 990-3990

4

5   Attorneys for Claimant,
    BRIAN D. LIDDY
6

7

8             **LOS ANGELES COUNTY BOARD OF SUPERVISORS**

9

10

11   IN THE MATTER OF THE APPLICATION   )    CLAIM NO.: UNASSIGNED
    FOR PERMISSION TO FILE LATE CLAIM OF )
12                            )
                              )
13   BRIAN D. LIDDY,                )    **APPLICATION TO FILE LATE**
                              )    **CLAIM AGAINST PUBLIC**
14            Claimant,        )    **ENTITY**
                              )
15   vs.                          )    Government Code §945.3
                              )
16   COUNTY OF LOS ANGELES       )
                              )
17   _____ )

18       TO:     COUNTY OF LOS ANGELES BOARD OF SUPERVISORS:

19       1.      BRIAN D. LIDDY, hereinafter referred to as "Claimant", hereby applies to the

20           County of Los Angeles for leave to present a claim against said County pursuant

21           to Section 945.3 of the California Government Code.

22       2.      The cause of action of Claimant as set forth in his proposed claim attached

23           hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24,

24           2000, Claimant was falsely arrested and imprisoned. After a lengthy trial,

25           Claimant was acquitted of all false allegations against him related to the arrest of

26           convicted felon, 18th Street gang member, Allan Manrique Lobos on or about

27           April 26, 1996, and was found **not guilty** of the said allegations on November

28           15, 2000, a period within one year from the filing of this application.

                                        -1-

3.   Claimant was and is a police sergeant for the Los Angeles Police Department.

4.   As a result of false allegations of an 18th Street gang member, Allan Manrique Lobos, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.   Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.   After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

7.   Even though the jury found Claimant **NOT GUILTY** of all the above reference allegations against him in the Criminal Court,  Claimant's administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations made by the convicted 18th Street gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, are still pending.

8.   The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for which a claim was not timely presented, as shown in the Declaration of Etan Z. Lorant.

-2-

9. The Claimant's causes of action were not ripe until the jury's acquittal of November 15, 2000. Therefore, <u>Government Code</u> §945.3, which in pertinent part states that "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer ... while the charges against the accused are pending before a municipal or superior court.  Any applicable statue of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court." should be applied in this matter and allow Claimant to file a late claim against the public entity.

10. The public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 because the County is the public entity who maliciously prosecuted the Claimant and the District Attorney's office operated as both law enforcement and a prosecutorial agency in this case.

11. This Application will be supported and based on the grounds stated in Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities filed in support herewith.

Wherefore, it is respectfully requested that this Application be granted and that the attached claim be received and acted upon in accordance with Government Code Section 945.3.

Dated: November 12, 2001

LAW OFFICES OF ETAN Z. LORANT

By: _____

ETAN Z. LORANT
Attorneys for Claimant

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, who is also a convicted felon. Even though at the time of the arrest, Claimant was an honorable police sergeant with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence. Claimant had to post bail, go through Grand Jury proceedings and a lengthy Jury Trial. The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him related to the arrest of Allan Manrique Lobos on or about April 26, 1996.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police sergeant.

Furthermore, as a result of the same false allegations, Claimant's administrative proceedings known as Board of Rights hearings, are still pending.

Even though the Claimant was acquitted and found not guilty of all allegations against him related to the arrest of Allan Manrique Lobos, on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending. Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

1   Therefore, Claimant is presenting this Application to File Late Claim Against Public

2   Entity and asking this Honorable Board to grand the Application in accordance with

3   Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

4

5   **II**

6   **WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE**

7   **STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT**

8   California Government Code Section 945.3 prohibits commencement of civil action

9   against peace officers or their employers while related criminal action is pending and tolls

10  statue of limitations for filing and prosecuting those actions.  Damjanovic vs. Ambrose (App. 2

11  Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

12  California Government Code Section 945.3 in pertinent part states that:

13          "No person charged by indictment, information, complaint, or

14          other accusatory pleading charging a criminal offense may bring

15          a civil action for money or damages against a peace officer or the

16          public entity employing a peace officer . . . while the charges

17          against the accused are pending before a municipal or superior

18          court.

19          Any applicable statue of limitations for filing and prosecuting

20          these actions shall be tolled during the period that the charges are

21          pending before a municipal or superior court."

22  In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about

23  April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations

24  against him related to the arrest of Allan Manrique Lobos, on or about November 15, 2000.

25  Therefore, California Government Code Section 945.3 should be applied.

26  Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88

27  F.Supp.2d 1118, stated that

28

-5-

1    "Under California law, the statue of limitations governing a civil

2    action for damages against a peace officer *or the public entity*

3    *employing the peace officer* is tolled while criminal proceedings

4    are pending when the complaint is based upon conduct relating to

5    the criminal prosecution." [emphasis added].

6    Further, the Harned Court, supra, stated that "[U]nder California law providing that

7    statue of limitations governing a civil action for damages against a peace office is tolled while

8    criminal proceedings are pending, criminal charges are "pending" until the date of judgment."

9    In addition, suits brought under §§1983, the statute of limitations governing a civil action for

10   damages against a peace officer is also tolled while criminal charges are pending.  (Harned vs.

11   Landahl, supra.)

12   In the case of Torres vs. City of Santa Ana (1997) 108 F.3d 224, the Court also held

13   that:

14   "In California, statue of limitations for §1983 actions that are

15   based on officer's conduct relating to offense of which plaintiff is

16   accused is tolled while criminal charges are pending."

17   In this case at hand, the criminal charges against Claimant were pending until the date

18   of his judgment that is the date of his acquittal on November 15, 2000 and the District

19   Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore,

20   the statute of limitations governing the civil action should be tolled for a reasonable time, not

21   to exceed the one year statute from the date of the acquittal.  (See, McAlpine v. Alameda

22   County Superior Court (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; Emmert vs.

23   County of Sonoma, N.D. Cal. 1993, 836 F.Supp. 715.)

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-6-

### III

### THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT
### THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.    (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity, he would be subjected to more retaliation and harassment.

For the foregoing reasons, Claimant is asking this Honorable Board to apply Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant to file late government entity claim.

By allowing Claimant to file a late claim, the County of Los Angeles will not be prejudice.  The County of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

-7-

## IV

## CONCLUSION

As a result of the false allegations mentioned throughout the Application, Claimant was falsely arrested and imprisoned, had to post bail, had his residence searched, went through Grand Jury Proceedings, and a humiliating jury trial, which caused Claimant emotional distress and psychic injuries. Claimant's reputation was destroyed and also affected his career as a police sergeant.

Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief for late claimants who file their claims against public entity beyond the statutory six month period for filing claims, if filed within reasonable time not to exceed one year after accrual of cause of action where claimants establish that failure to preset claim on time was through mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict compliance with the claims presentation period for persons excusably neglectful.  (Segal vs. State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d 509.

For the foregoing reasons, The Claimant is asking the Los Angeles County Board of Supervisors to grand this application and file the attached Claim for Damages.

Dated:  November 12, 2001

LAW OFFICES OF ETAN Z. LORANT

By:

ETAN Z. LORANT
Attorneys for Claimant

-8-

## DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.     I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.     That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below. That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.     As a result of false allegations by an 18th Street gang member Allan Manrique Lobos, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.     The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.     Even though, Claimant is and was an honorable police sergeant with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police sergeant, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.     As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, had his residence searched, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial, which ruined his reputation and had and will have negative affect on his carrier.

7.     On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

-9-

8.  Even though the Claimant was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos at the criminal trial , Claimant's administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations are still pending.

9.  Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his criminal trial because he strongly believed that if he filed any government entity claims, his career as a police sergeant would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

10.  Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

11.  By allowing Claimant to file a late claim, the County of Los Angeles will not be prejudice.  The County of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

12.  Fore the foregoing reasons, the Claimant is respectfully requesting that the County of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

ETAN Z. LORANT

-10-

COUNTY OF LOS ANGELES

# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY



## INSTRUCTIONS
1. Read entire claim thoroughly.
2. Fill out claim as indicated.
   Attach additional information if necessary.
3. If attachments are submitted, one original plus two (2) copies of each attachment must be attached to claim.
4. This claim form must be signed.

TIME STAMP HERE
FOR OFFICE USE ONLY

| | |
|---|---|
| 1. NAME OF CLAIMANT<br>Brian D. Liddy | 10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?<br>See Attachment "A" and "B" |
| 2. ADDRESS AND TELEPHONE NUMBER TO WHICH YOU DESIRE NOTICES OR COMMUNICATIONS TO BE SENT: (818) 990-3990<br>Law Offices of Etan Z. Lorant<br>16530 Ventura Bl., Ste. 211, Encino, CA 91436<br>(Street, City, State, Zip Code) | |
| HOME TELEPHONE N/A | BUSINESS PHONE N/A | 11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):<br>NAME   See Attachment "C"   DEPT. |
| 3. DATE OF BIRTH OF CLAIMANT N/A | 4. CLAIMANT'S SOCIAL SECURITY NUMBER N/A | |
| 5. WHEN DID DAMAGE OR INJURY OCCUR?<br>DATE NOVEMBER 15, 2000   TIME | 12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:<br>NAME Unknown at this time   PHONE<br>ADDRESS |
| 6. WHERE DID DAMAGE OR INJURY OCCUR?<br>(Street, City, State, Zip Code)<br>Los Angeles County | NAME   PHONE<br>ADDRESS |
| 7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:<br>See Attachment "A" and "B" | NAME   PHONE<br>ADDRESS |
| 8. WHERE POLICE OR PARAMEDICS CALLED? ☐ YES ☐ NO N/A | 13. LIST DAMAGES INCURRED TO DATE (And attach copy of receipts or repair estimates):<br>See Attachment "D" |
| 9. IF A PHYSICIAN WAS VISITED BECAUSE OF THIS INJURY STATE DATE, NAME, AND ADDRESS OF PHYSICIAN OF YOUR FIRST VISIT: N/A<br>DATE OF FIRST VISIT   PHYSICIAN'S NAME | |
| PHYSICIAN'S ADDRESS   PHONE | TOTAL DAMAGES TO DATE:   TOTAL ESTIMATED PROSPECTIVE DAMAGES:<br>$   $10,000,00.00 |

## THIS CLAIM MUST BE SIGNED
**NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)**

### WARNING
— CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

— IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

### READ CAREFULLY
INDICATE NORTH

SHOW the location and position of vehicle(s) at point of impact.

SHOW your vehicle as [ 1 ] , the other vehicle as [ 2 ]

SHOW the name of the street(s), location of stop signs, signals.

| | |
|---|---|
| 14. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT: | 15. PRINT OR TYPE NAME   DATE<br>ETAN Z. LORANT, ESQ.   November 12, 2001 |

WHITE COPIES — Deliver or mail to   Executive Officer, Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St., L.A., CA 90012
Telephone number (213) 974-1440

PINK COPY — For your personal records.

76C21202 - 7/93

**ATTACHMENT "A"**

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned. Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

## ATTACHMENT "B"

**What particular ACT or OMISSION do you claim caused the injury or damage?**

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory.

<u>**ATTACHMENT "C"**</u>

**11.  NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE)**

GIL GARCETTI, District Attorney for Los Angeles County, LAURA LAESECKE, Deputy District Attorney for Los Angeles County, ANNE INGALLS, Deputy District Attorney for Los Angeles County

## ATTACHMENT "D"

**13. LIST DAMAGES INCURRED TO DATE**

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages to Person or Property** on all of the following interested parties to this action:

Executive Officer
Board of Supervisors
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street, Room 383
Los Angeles, California 90012

**[X]**   **PERSONAL SERVICE:**   By causing a true copy thereof to be delivered personally at the addresses as stated above.

(STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **November 14, 2001**, at Encino, California.

_____
ETAN Z. LORANT

-1-

# Exhibit C

1
Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
2
16530 Ventura Boulevard, Suite 211
Encino, California 91436
3
(818) 990-3990

4

5
Attorneys for Claimant,
EDWARD ORTIZ
6

7

8
## CITY OF LOS ANGELES

9

10

| IN THE MATTER OF THE APPLICATION FOR PERMISSION TO FILE LATE CLAIM OF | ) ) ) | CLAIM NO.: UNASSIGNED |
|---|---|---|
| EDWARD ORTIZ, | ) ) ) | **APPLICATION TO FILE LATE CLAIM AGAINST PUBLIC ENTITY** |
| Claimant, | ) ) ) | |
| vs. | ) ) | Government Code §945.3 |
| CITY OF LOS ANGELES | ) ) ) ) | |

TO:    CITY OF LOS ANGELES:

1.      EDWARD ORTIZ, hereinafter referred to as "Claimant", hereby applies to the City of Los Angeles for leave to present a claim against said City pursuant to Section 945.3 of the California Government Code.

2.      The cause of action of Claimant as set forth in his proposed claim attached hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24, 2000, Claimant was falsely arrested and imprisoned.  After a lengthy trial, Claimant was acquitted of all false allegations against him related to the arrest of convicted felon, 18th Street gang member, Allan Manrique Lobos on or about April 26, 1996, and was found **not guilty** of the said allegations on November 15, 2000, a period within one year from the filing of this application.

-1-

3.    Claimant was and is a police sergeant for the Los Angeles Police Department.

4.    As a result of false allegations of an 18th Street gang member, Allan Manrique Lobos, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.    Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.    After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

7.    Even though the jury found Claimant **NOT GUILTY** of all the above reference allegations against him in the Criminal Court, Claimant's administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations made by the convicted 18th Street gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, are still pending.

8.    The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for which a claim was not timely presented, as shown in the Declaration of Etan Z. Lorant.

-2-

9.   The Claimant's causes of action were not ripe until the jury's acquittal of November 15, 2000. Therefore, <u>Government Code</u> §945.3, which in pertinent part states that "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer ... while the charges against the accused are pending before a municipal or superior court. Any applicable statue of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court." should be applied in this matter and allow Claimant to file a late claim against the public entity.

10.  The public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 because the City is the public entity who maliciously prosecuted the Claimant and the District Attorney's office operated as both law enforcement and a prosecutorial agency in this case.

11.  This Application will be supported and based on the grounds stated in Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities filed in support herewith.

Wherefore, it is respectfully requested that this Application be granted and that the attached claim be received and acted upon in accordance with Government Code Section 945.3.

Dated:  November 12, 2001                    LAW OFFICES OF ETAN Z. LORANT

By:  _____
       ETAN Z. LORANT
       Attorneys for Claimant

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, who is also a convicted felon.  Even though at the time of the arrest, Claimant was an honorable police sergeant with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence.  Claimant had to post bail, go through Grand Jury proceedings and a lengthy Jury Trial.  The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him related to the arrest of Allan Manrique Lobos on or about April 26, 1996.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police sergeant.

Furthermore, as a result of the same false allegations, Claimant's administrative proceedings known as Board of Rights hearings, are still pending.

Even though the Claimant was acquitted and found not guilty of all allegations against him related to the arrest of Allan Manrique Lobos, on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending.  Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

Therefore, Claimant is presenting this Application to File Late Claim Against Public Entity and asking this Honorable Board to grand the Application in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

## II

## WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT

California Government Code Section 945.3 prohibits commencement of civil action against peace officers or their employers while related criminal action is pending and tolls statue of limitations for filing and prosecuting those actions.  Damjanovic vs. Ambrose (App. 2 Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

California Government Code Section 945.3 in pertinent part states that:

> "No person charged by indictment, information, complaint, or
> other accusatory pleading charging a criminal offense may bring
> a civil action for money or damages against a peace officer or the
> public entity employing a peace officer . . . while the charges
> against the accused are pending before a municipal or superior
> court.
> Any applicable statue of limitations for filing and prosecuting
> these actions shall be tolled during the period that the charges are
> pending before a municipal or superior court."

In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos, on or about November 15, 2000. Therefore, California Government Code Section 945.3 should be applied.

Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88 F.Supp.2d 1118, stated that

-5-

> "Under California law, the statue of limitations governing a civil
> action for damages against a peace officer *or the public entity*
> *employing the peace officer* is tolled while criminal proceedings
> are pending when the complaint is based upon conduct relating to
> the criminal prosecution." [emphasis added].

Further, the <u>Harned</u> Court, supra, stated that "[U]nder California law providing that statue of limitations governing a civil action for damages against a peace office is tolled while criminal proceedings are pending, criminal charges are "pending" until the date of judgment." In addition, suits brought under §§1983, the statute of limitations governing a civil action for damages against a peace officer is also tolled while criminal charges are pending. (<u>Harned vs. Landahl</u>, supra.)

In the case of <u>Torres vs. City of Santa Ana</u> (1997) 108 F.3d 224, the Court also held that:

> "In California, statue of limitations for §1983 actions that are
> based on officer's conduct relating to offense of which plaintiff is
> accused is tolled while criminal charges are pending."

In this case at hand, the criminal charges against Claimant were pending until the date of his judgment that is the date of his acquittal on November 15, 2000 and the District Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore, the statute of limitations governing the civil action should be tolled for a reasonable time, not to exceed the one year statute from the date of the acquittal.  (See, <u>McAlpine v. Alameda County Superior Court</u> (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; <u>Emmert vs. County of Sonoma</u>, N.D. Cal. 1993, 836 F.Supp. 715.)

/ / /
/ / /
/ / /
/ / /
/ / /

-6-

## III

## THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.    (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity, he would be subjected to more retaliation and harassment.

For the foregoing reasons, Claimant is asking this Honorable Board to apply Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant to file late government entity claim.

By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice. The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

-7-

## IV

## CONCLUSION

As a result of the false allegations mentioned throughout the Application, Claimant was falsely arrested and imprisoned, had to post bail, had his residence searched, went through Grand Jury Proceedings, and a humiliating jury trial, which caused Claimant emotional distress and psychic injuries. Claimant's reputation was destroyed and also affected his career as a police sergeant.

Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief for late claimants who file their claims against public entity beyond the statutory six month period for filing claims, if filed within reasonable time not to exceed one year after accrual of cause of action where claimants establish that failure to preset claim on time was through mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict compliance with the claims presentation period for persons excusably neglectful. (Segal vs. State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d 509.

For the foregoing reasons, The Claimant is asking the City of Los Angeles to grand this application and file the attached Claim for Damages.


Dated:  November 12, 2001                    LAW OFFICES OF ETAN Z. LORANT

                                             By: _____
                                                 ETAN Z. LORANT
                                                 Attorneys for Claimant

-8-

### DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.     I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.     That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below.  That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.     As a result of false allegations by an 18th Street gang member Allan Manrique Lobos, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.     The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.     Even though, Claimant is and was an honorable police sergeant with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police sergeant, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.     As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, had his residence searched, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial, which ruined his reputation and had and will have negative affect on his carrier.

7.     On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

-9-

8.  Even though the Claimant was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos at the criminal trial , Claimant's administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations are still pending.

9.  Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his criminal trial because he strongly believed that if he filed any government entity claims, his career as a police sergeant would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

10.  Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

11.  By allowing Claimant to file a late claim, the City of Los Angeles will not be prejudice.  The City of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

12.  Fore the foregoing reasons, the Claimant is respectfully requesting that the City of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

ETAN Z. LORANT

-10-

FORM CONT. 100-A

# CLAIM FOR DAMAGES
### TO PERSON OR PROPERTY

TRIPLICATE FOR CLAIMANT
(This copy of claim to be stamped "Received" by City Clerk)

RESERVE FOR FILING STAMP

CLAIM NO. _____

## INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurrence. (Gov. Code Sec. 911.2)

2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)

3. Read entire claim before filing.

4. See Page 2 for diagram upon which to locate place of accident.

5. This claim form must be signed on Page 2 at bottom.

6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.

7. Claim must be filed with CITY CLERK, (Gov. Code Sec. 915a)
   200 NORTH MAIN STREET, ROOM 615, LOS ANGELES, CA 90012

TO: CITY OF LOS ANGELES

| Name of Claimant | Age of Claimant |
|---|---|
| Edward Ortiz | 45 |

Home address of Claimant — City and State — Home Telephone Number
Right of Privacy. Claimant requests correspondence to be send to his counsel.

Business address of Claimant — City and State — Business Telephone Number
ight of Privacy.  Claimant requests correspondence to be send to his counsel.

Give address to which you desire notices or communications to be sent regarding this claim:
Law Offices of Etan Z. Lorant
6530 Ventura Boulevard, Suite 211, Encino, California 91436

How did DAMAGE or INJURY occur?  Please include as much detail as possible.

See Attachment "A"

When did DAMAGE or INJURY occur?  Please include the date and time of the damage or injury.

November 15, 2000.

Where did DAMAGE or INJURY occur?  Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:

Los Angeles County

What particular ACT or OMISSION do you claim caused the injury or damage?  Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

See Attachment "B"

Please list the names and address of Witnesses, Doctors and Hospitals:

Unknown at this time

SEE PAGE 2 (OVER)                    THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

What DAMAGE or INJURIES do you claim resulted?  Please give full extent of injuries or damages claimed:

See Attachment "C"

What is the AMOUNT of your claim?  Please itemize your damages:

$10,000,000.00

If you have received any insurance payments, please give the names of the insurance companies:

Not applicable

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners.  Please indicate where North is on the diagram.

Note: if the diagram does not fit the situation, please attach your own diagram.



| | ETAN Z. LORANT, ESQ. | November 12, 2001 |
|---|---|---|
| Signature of Claimant or person filing on claimant's behalf giving relationship to claimant: | Typed Name: | Date: |

## ATTACHMENT "A"

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned.  Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

11-12-01

**ATTACHMENT "B"**

What particular ACT or OMISSION do you claim caused the injury or damage?

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and <u>Monnell</u> Theory.

**Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number if known.**

Chief of Police Bernard Parks, former Police Officer Rafael Perez and other detectives and city employees.

## ATTACHMENT "C"

**What DAMAGE or INJURIES do you claim resulted?  Please give full extend of injuries or damages claimed.**

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

11-12-01

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages** on all of the following interested parties to this action:

City Clerk
City of Los Angeles
200 North Spring Street, Room 395
Los Angeles, California 90012

**[X]**   **PERSONAL SERVICE:**      By causing a true copy thereof to be delivered personally at the addresses as stated above.

(STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **November 14, 2001**, at Encino, California.

_____
ETAN Z. LORANT

-1-

1  Etan Z. Lorant, Esq., SBN: 108820
   LAW OFFICES OF ETAN Z. LORANT
2  16530 Ventura Boulevard, Suite 211
   Encino, California 91436
3  (818) 990-3990

4

5  Attorneys for Claimant,
   EDWARD ORTIZ
6

7

8                  **LOS ANGELES COUNTY BOARD OF SUPERVISORS**

9

10

11  IN THE MATTER OF THE APPLICATION    )      CLAIM NO.: UNASSIGNED
    FOR PERMISSION TO FILE LATE CLAIM OF )
12                                       )
                                         )
13  EDWARD ORTIZ,                        )      **APPLICATION TO FILE LATE
                                         )      CLAIM AGAINST PUBLIC
14            Claimant,                  )      ENTITY**
                                         )
15  vs.                                  )      Government Code §945.3
                                         )
16  COUNTY OF LOS ANGELES                )
                                         )
17  _____   )

18      TO:    COUNTY OF LOS ANGELES BOARD OF SUPERVISORS:

19      1.     EDWARD ORTIZ, hereinafter referred to as "Claimant", hereby applies to the

20             County of Los Angeles for leave to present a claim against said County pursuant

21             to Section 945.3 of the California Government Code.

22      2.     The cause of action of Claimant as set forth in his proposed claim attached

23             hereto as Exhibit "A", accrued on November 15, 2000. On or about April 24,

24             2000, Claimant was falsely arrested and imprisoned.  After a lengthy trial,

25             Claimant was acquitted of all false allegations against him related to the arrest of

26             convicted felon, 18th Street gang member, Allan Manrique Lobos on or about

27             April 26, 1996, and was found **not guilty** of the said allegations on November

28             15, 2000, a period within one year from the filing of this application.

                                         -1-

3.   Claimant was and is a police sergeant for the Los Angeles Police Department.

4.   As a result of false allegations of an 18th Street gang member, Allan Manrique Lobos, who is a convicted felon, and convicted felon former Police Officer Rafael Perez, Claimant was falsely arrested and falsely imprisoned.

5.   Claimant posted bail, had his residence searched, went through Grand Jury proceedings and a lengthy Jury Trial.

6.   After a month long publicized and humiliating jury trial, the jury acquitted the Claimant and found him **NOT GUILTY** of all of the allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

7.   Even though the jury found Claimant **NOT GUILTY** of all the above reference allegations against him in the Criminal Court,  Claimant's administrative proceedings known as "Board of Rights" hearings, as a result of the same false allegations made by the convicted 18th Street gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, are still pending.

8.   The claim is for causes of action for tort claims including but not limited to False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Violation of Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and Monnell Theory, which occurred on April 24, 2000 but was tolled until November 15, 2000, the date of his acquittal, pursuant to Government Code §945.3 and for which a claim was not timely presented, as shown in the Declaration of Etan Z. Lorant.

-2-

9.     The Claimant's causes of action were not ripe until the jury's acquittal of November 15, 2000. Therefore, <u>Government Code</u> §945.3, which in pertinent part states that "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer ... while the charges against the accused are pending before a municipal or superior court. Any applicable statue of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court." should be applied in this matter and allow Claimant to file a late claim against the public entity.

10.    The public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 because the County is the public entity who maliciously prosecuted the Claimant and the District Attorney's office operated as both law enforcement and a prosecutorial agency in this case.

11.    This Application will be supported and based on the grounds stated in Declaration of Etan Z. Lorant and the Memorandum of Points and Authorities filed in support herewith.

Wherefore, it is respectfully requested that this Application be granted and that the attached claim be received and acted upon in accordance with Government Code Section 945.3.

Dated:  November 12, 2001                     LAW OFFICES OF ETAN Z. LORANT

By:     _____
ETAN Z. LORANT
Attorneys for Claimant

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about April 24, 2000, Claimant was falsely arrested and imprisoned as a result of false allegations made by a convicted felon 18th Street Gang member, Allan Manrique Lobos, and disgraced former Police Officer Rafael Perez, who is also a convicted felon. Even though at the time of the arrest, Claimant was an honorable police sergeant with the Los Angeles Police Department and received numerous commendations, Claimant was treated like a common criminal by the District Attorneys' office.

Following Claimant's arrest, a search warrant was issued to search Claimant's residence. Claimant had to post bail, go through Grand Jury proceedings and a lengthy Jury Trial. The District Attorneys' office had judged Claimant guilty until proven innocent.

After approximately a month long, well publicized and humiliating jury trial, the jury immediately acquitted the Claimant and found him **not guilty** of all of the allegations against him related to the arrest of Allan Manrique Lobos on or about April 26, 1996.

The false arrest and the publicized and humiliating jury trial had ruined Claimant's reputation, and will have a negative affect on his career as a police sergeant.

Furthermore, as a result of the same false allegations, Claimant's administrative proceedings known as Board of Rights hearings, are still pending.

Even though the Claimant was acquitted and found not guilty of all allegations against him related to the arrest of Allan Manrique Lobos, on November 15, 2000, Claimant did not file a Government Entity Claim within the time required by the Government Code Section 911.2 because administrative hearings were still pending. Claimant strongly believed that if any government entity claims were filed prior to his reinstatement with the Los Angeles Police Department, his career would be in jeopardy and he would be subjected to retaliation and harassment at his employment.

-4-

1    Therefore, Claimant is presenting this Application to File Late Claim Against Public

2    Entity and asking this Honorable Board to grand the Application in accordance with

3    Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

4

5                                         **II**

6    **WHILE CRIMINAL CHARGES ARE PENDING AGAINST THE ACCUSED, THE**

7       **STATUTE OF LIMITATIONS IS TOLLED UNTIL DATE OF JUDGMENT**

8        California Government Code Section 945.3 prohibits commencement of civil action

9    against peace officers or their employers while related criminal action is pending and tolls

10   statue of limitations for filing and prosecuting those actions.  Damjanovic vs. Ambrose (App. 2

11   Dist. 1992) 4 Cal.Rptr.2d 560, 3 Cal.App.4th 503.

12       California Government Code Section 945.3 in pertinent part states that:

13               "No person charged by indictment, information, complaint, or

14               other accusatory pleading charging a criminal offense may bring

15               a civil action for money or damages against a peace officer or the

16               public entity employing a peace officer . . . while the charges

17               against the accused are pending before a municipal or superior

18               court.

19               Any applicable statue of limitations for filing and prosecuting

20               these actions shall be tolled during the period that the charges are

21               pending before a municipal or superior court."

22       In this case at hand, Claimant was falsely arrested and falsely imprisoned on or about

23   April 24, 2000, however, he was acquitted and he was found not guilty of all the allegations

24   against him related to the arrest of Allan Manrique Lobos, on or about November 15, 2000.

25   Therefore, California Government Code Section 945.3 should be applied.

26       Furthermore, the Court in the case of Harned vs. Landahl E.D. Cal. 2000, 88

27   F.Supp.2d 1118, stated that

28

                                          -5-

1    "Under California law, the statue of limitations governing a civil

2    action for damages against a peace officer *or the public entity*

3    *employing the peace officer* is tolled while criminal proceedings

4    are pending when the complaint is based upon conduct relating to

5    the criminal prosecution." [emphasis added].

6    Further, the <u>Harned</u> Court, supra, stated that "[U]nder California law providing that

7    statue of limitations governing a civil action for damages against a peace office is tolled while

8    criminal proceedings are pending, criminal charges are "pending" until the date of judgment."

9    In addition, suits brought under §§1983, the statute of limitations governing a civil action for

10   damages against a peace officer is also tolled while criminal charges are pending.  (<u>Harned vs.</u>

11   <u>Landahl</u>, supra.)

12   In the case of <u>Torres vs. City of Santa Ana</u> (1997) 108 F.3d 224, the Court also held

13   that:

14   "In California, statue of limitations for §1983 actions that are

15   based on officer's conduct relating to offense of which plaintiff is

16   accused is tolled while criminal charges are pending."

17   In this case at hand, the criminal charges against Claimant were pending until the date

18   of his judgment that is the date of his acquittal on November 15, 2000 and the District

19   Attorney acted as both a law enforcement and a prosecutorial agency in this case.  Therefore,

20   the statute of limitations governing the civil action should be tolled for a reasonable time, not

21   to exceed the one year statute from the date of the acquittal.  (See, <u>McAlpine v. Alameda</u>

22   <u>County Superior Court</u> (App. 1 Dist. 1989) 257 Cal.Rptr. 32, 209 Cal.App.3d 1; <u>Emmert vs.</u>

23   <u>County of Sonoma</u>, N.D. Cal. 1993, 836 F.Supp. 715.)

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-6-

### III

### THE PUBLIC ENTITY WAS NOT PREJUDICED BY THE FAILURE TO PREENT
### THE CLAIM WITHIN THE TIME SPECIFIED IN SECTION 911.2

California Government Code Section 911.4(a) provide that when a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action, is not presented within that time, a written application may be made to the public entity for leave to present that claim.  Further, Section 911.4(b) provides that the application shall be presented to the public entity within reasonable time not to exceed one year after the accrual of the cause of action, the application shall state the reason for the delay in presenting the claim and the proposed claim should be attached to the application.   (Government Code Section 911.4(a)(b).

In this case at hand, there were criminal charges pending against Claimant until the acquittal by the jury on November 15, 2000.  Claimant is presenting this Application along with the Claim within the required one year period. Therefore, Government Code Section 911.4(a)(b) should be applied and acted upon.

Furthermore, pursuant to Government Code Section 911.6 (b)(1), the Board shall grand the Application if the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudice in the defense of the claim by the failure to present the claim within the time specified in Section 911.2.

Claimant strongly believed that had he filed any government entity claims against any public entity, he would be subjected to more retaliation and harassment.

For the foregoing reasons, Claimant is asking this Honorable Board to apply Government Code Section 911.6 to this claim as an excusable neglect and allow the Claimant to file late government entity claim.

By allowing Claimant to file a late claim, the County of Los Angeles will not be prejudice.  The County of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

-7-

## IV

## CONCLUSION

As a result of the false allegations mentioned throughout the Application, Claimant was falsely arrested and imprisoned, had to post bail, had his residence searched, went through Grand Jury Proceedings, and a humiliating jury trial, which caused Claimant emotional distress and psychic injuries. Claimant's reputation was destroyed and also affected his career as a police sergeant.

Legislative intent in Government Code Sections 946.6 and 911.6 which provide relief for late claimants who file their claims against public entity beyond the statutory six month period for filing claims, if filed within reasonable time not to exceed one year after accrual of cause of action where claimants establish that failure to preset claim on time was through mistake, inadvertence, surprise, or excusable neglect was to alleviate harshness of strict compliance with the claims presentation period for persons excusably neglectful.   (Segal vs. State Southern California Rapid Transit (App.2 Dist 1970) 90 Cal Rptr. 720, 12 Cal.App.3d 509.

For the foregoing reasons, The Claimant is asking the Los Angeles County Board of Supervisors to grand this application and file the attached Claim for Damages.


Dated:  November 12, 2001                      LAW OFFICES OF ETAN Z. LORANT


                                               By:  _____
                                                    ETAN Z. LORANT
                                                    Attorneys for Claimant

-8-

## DECLARATION OF ETAN Z. LORANT

I, ETAN Z. LORANT, declare as follows:

1.    I am an attorney duly licensed to practice law in all the courts of the State of California and am the attorney representing Claimant in this case.

2.    That if called to testify in this matter, I could and would testify competently under oath to the following facts set forth below.  That I have personal knowledge of said facts set forth below, and have personally reviewed the contents of my file.

3.    As a result of false allegations by an 18th Street gang member Allan Manrique Lobos, who is a convicted felon, and convicted felon former police officer Rafael Perez, who was trying to reduce his sentencing for stealing cocaine from the evidence room of the Los Angeles Police Department, Claimant was arrested on April 24, 2000.

4.    The District Attorneys office solely and entirely depended upon hearsay of a convicted gang member and a convicted former police officer when they caused the arrest of the Claimant.

5.    Even though, Claimant is and was an honorable police sergeant with the Los Angeles Police Department who received numerous commendations throughout his entire career as a police sergeant, the Claimant was treated like a common criminal by the District Attorneys' Office who deemed him guilty until proven innocent.

6.    As a result of the false arrest and imprisonment on April 24, 2000, Claimant had to post bail, had his residence searched, go through Grand Jury proceedings, and was put through a long, publicized and humiliating jury trial, which ruined his reputation and had and will have negative affect on his carrier.

7.    On November 15, 2000, a jury acquitted Claimant and found him **not guilty** of all allegations against him related to the arrest of Allan Manrique Lobos on April 26, 1996.

-9-

Application to File Late Claim Against Public Entity

8.    Even though the Claimant was found not guilty of all the allegations against him related to the arrest of Allan Manrique Lobos at the criminal trial , Claimant's administrative proceedings known as "Board of Rights" hearings as a result of the same false allegations are still pending.

9.    Claimant is presenting this Application to File Late Claim Against Public Entity after completion of his criminal trial because he strongly believed that if he filed any government entity claims, his career as a police sergeant would be in jeopardy, and he would be subjected to more vindictive retaliation and harassment at his place of employment.  This was an excusable neglect on the part of the Claimant who did not want to jeopardize his career.

10.   Therefore, Claimant is requesting this Honorable Board to grand the Application to File Late Claim Against Public Entity.

11.   By allowing Claimant to file a late claim, the County of Los Angeles will not be prejudice.  The County of Los Angeles will not be prejudiced by this mistake, inadvertence, surprise or excusable neglect.

12.   Fore the foregoing reasons, the Claimant is respectfully requesting that the County of Los Angeles Board of Supervisors to grand this Application and that the attached Claim be received and acted upon in accordance with Government Code Sections 911.4(a)(b), 911.6(b)(1) and 945.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November 2001, at Encino, California.

_____
ETAN Z. LORANT

-10-

## ATTACHMENT "A"

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**

As a result of false allegations by a 18th Street Gang member and former Police Officer Rafael Perez, on or about April 24, 2000, Claimant, Paul D. Harper, was falsely arrested and imprisoned.  Claimant had to post bail, go through Grand Jury proceedings and was put through a jury trial.

On or about November 15, 2000, after the trial, Claimant was found **NOT GUILTY** by the jury and was acquitted of all charges against him.

COUNTY OF LOS ANGELES

# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY



**INSTRUCTIONS**

1. Read entire claim thoroughly.
2. Fill out claim as indicated.
   Attach additional information if necessary.
3. If attachments are submitted, one original plus two (2) copies of each attachment must be attached to claim.
4. This claim form must be signed.

TIME STAMP HERE
FOR OFFICE USE ONLY

| | |
|---|---|
| 1 NAME OF CLAIMANT<br>Edward Ortiz | 10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?<br>See Attachment "A" and "B" |
| 2 ADDRESS AND TELEPHONE NUMBER TO WHICH YOU DESIRE NOTICES OR COMMUNICATIONS TO BE SENT: (818) 990-3990<br>Law Offices of Etan Z. Lorant<br>16530 Ventura Bl., Ste. 211, Encino,<br>(Street, City, State, Zip Code)  CA 91436 | |
| HOME TELEPHONE  N/A    BUSINESS PHONE  N/A | 11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE).<br>NAME  See Attachment "C"   DEPT. |
| 3. DATE OF BIRTH OF CLAIMANT  N/A    4. CLAIMANT'S SOCIAL SECURITY NUMBER  N/A | |
| 5. WHEN DID DAMAGE OR INJURY OCCUR?<br>DATE  November 15, 2000    TIME | 12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:<br>NAME  Unknown at this time.   PHONE<br>ADDRESS |
| 6. WHERE DID DAMAGE OR INJURY OCCUR?<br>(Street, City, State, Zip Code)<br>Los Angeles County | |
| 7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:<br>See Attachment "A" and "B" | NAME   PHONE<br>ADDRESS |
| | NAME   PHONE<br>ADDRESS |
| | 13. LIST DAMAGES INCURRED TO DATE (And attach copy of receipts or repair estimates):<br>See Attachment "D" |
| 8. WHERE POLICE OR PARAMEDICS CALLED? ☐ YES  ☐ NO  N/A | |
| 9. IF A PHYSICIAN WAS VISITED BECAUSE OF THIS INJURY STATE DATE, NAME, AND ADDRESS OF PHYSICIAN OF YOUR FIRST VISIT:  N/A<br>DATE OF FIRST VISIT   PHYSICIAN'S NAME | |
| PHYSICIAN'S ADDRESS   PHONE | TOTAL DAMAGES TO DATE:   TOTAL ESTIMATED PROSPECTIVE DAMAGES:<br>$    $ 10,000,000.00 |

## THIS CLAIM MUST BE SIGNED
**NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)**

**WARNING**

— CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURENCE. (GOV. CODE SECTION 911.2.)

— SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

— IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOV. CODE SECTION 945.6.)

**READ CAREFULLY**   INDICATE NORTH

SHOW the location and position of vehicle(s) at point of impact.

SHOW your vehicle as  1  , the other vehicle as  2

SHOW the name of the street(s), location of stop signs, signals

| | |
|---|---|
| 14. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT | 15. PRINT OR TYPE NAME   DATE<br>ETAN Z. LORANT, ESQ. November 12, 2001 |

WHITE COPIES — Deliver or mail to:  Executive Officer-Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St., LA., CA 90012
Telephone Number (213) 974-1440

PINK COPY — For your personal records.

76C21202 - 7/93

# ATTACHMENT "B"

**What particular ACT or OMISSION do you claim caused the injury or damage?**

False Arrest, False Imprisonment, Assault, Battery, Unconstitutional Policy, Violation of 4th, 5th and 14th Amendment, 42 USC §§ 1983, 1985, and 1988, Negligent Retention, Hiring, Training, and Supervising, California Civil Code §§ 51.7 and 52, Unruh Act, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Retaliation, Harassment, Negligence, Conspiracy (28 USC §§ 1331 and 1343), Malicious Prosecution, Defamation Based on Slander, Perjury, Civil Code §47.5, Violation/Deprivation of Civil Rights Under Color of Law, and <u>Monnell</u> Theory.

## ATTACHMENT "C"

**11.   NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENT) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE)**

GIL GARCETTI, District Attorney for Los Angeles County, LAURA LAESECKE, Deputy District Attorney for Los Angeles County, ANNE INGALLS, Deputy District Attorney for Los Angeles County and other county employees

# ATTACHMENT "D"

## 13. LIST DAMAGES INCURRED TO DATE

Emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, indignity from arrest, booking, fingerprinting, search, physical consequences, loss of liberty, loss of income, defamation of character, stress, and loss of standing in the community.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Etan Z. Lorant, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 16530 Ventura Boulevard, Suite 211, Encino, California 91436.

On **November 14, 2001**, I served the foregoing document described as **Application to File Late Claim Against Public Entity and Claim for Damages to Person or Property** on all of the following interested parties to this action:

Executive Officer
Board of Supervisors
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street, Room 383
Los Angeles, California 90012

**[X]      PERSONAL SERVICE:**      By causing a true copy thereof to be delivered personally at the addresses as stated above.

(STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **November 14, 2001**, at Encino, California.

_____
ETAN Z. LORANT

-1-

**CIVIL COVER SHEET**

## I.(a) PLAINTIFFS
Paul D. Harper, et al.

**DEFENDANTS**
City of Los Angeles, et al.

ORIGINAL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Los Angeles
EXCEPT IN U.S. PLAINTIFF CASES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Etan Z. Lorant, Esq.
LAW OFFICES OF ETAN Z. LORANT
16530 Ventura Boulevard, Suite 211
Encino, California 91436
(818) 990-3990

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Plaintiffs civil rights.

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 630 Liquor Laws | PROPERTY RIGHTS |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 360 Other Personal Injury | | LABOR | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | ☐ 245 Tort Product Liability | | ☐ 555 Prison Condition | | |
| | ☐ 290 All Other Real Property | | | | |

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed?  X No  Yes

If yes, list case number(s): _____

CV71 (3/97)   CIVIL COVER SHEET - Continued on Reverse

01- 09768 NM   PJWx

Page 1 of 2

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? __X__ No _____ Yes

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

| | |
|---|---|
| (CHECK ALL BOXES | ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events; |
| THAT APPLY) | ☐ B. Involve the same or substantially the same parties or property; |
| | ☐ C. Involve the same patent, trademark or copyright; |
| | ☐ D. Call for determination of the same or substantially identical questions of law, or |
| | ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges. |

IX. **VENUE:** List the California County , or State if other than California, in which **EACH** named plaintiff resides. (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

Los Angeles County

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

X. **SIGNATURE OF ATTORNEY (OR PRO PER):** X _(signature)_                                  Date 11-14, 20

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
16530 Ventura Boulevard, Suite 211
Encino, California 91436
(818) 990-3990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PAUL D. HARPER, BRIAN D. LIDDY and
EDWARD ORTIZ,

CASE NUMBER

CV- **01- 09768 NM** PJWx

PLAINTIFF(S),

v.

CITY OF LOS ANGELES, a Municipality;
COUNTY OF LOS ANGELES, BERNARD PARKS:
GIL GARCETTI; LAURA LAESECKE; ANNE
INGALLS; RAFAEL PEREZ; ~~DEFENDANT~~(S),
and DOES 1 through 10, inclusive, each of whom is sued individually and in their
official capacity,

SUMMONS

DEFENDANTS.

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

ETAN Z. LORANT, ESQ.      , whose address is:
LAW OFFICES OF ETAN Z. LORANT
16530 Ventura Boulevard, Suite 211
Encino, California 91436
(818) 990-3990

An answer to the complaint which is herewith served upon you within _20_ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

R. L. DYER

DATE:_____        By_____

Deputy Clerk

(SEAL OF THE COURT)

NOV 14 2001

SEAL

CV-1A (08/97)                                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

☐ Robert N. Block (RNBx)                      ☐ James W. McMahon (Mcx)

☐ Rosalyn M. Chapman (RCx)                    ☐ Margaret A. Nagle (MANx)

☐ Charles F. Eick (Ex)                        ☐ Arthur Nakazato (ANx)

☐ Marc L. Goldman (MLGx)                      ☐ Fernando M. Olguin (FMOx)

☐ Stephen J. Hillman (SHx)                    ☐ Brian Q. Robbins (BQRx)

☐ Jeffrey W. Johnson (JWJx)                   ☐ Carolyn Turchin (CTx)

☐ Victor B. Kenton (VBKx)                     ☐ Patrick J. Walsh (PJWx)

☐ Stephen G. Larson (SGLx)                    ☐ Andrew J. Wistrich (AJWx)

☐ Jennifer T. Lum (JTLx)                      ☐ Carla M. Woehrle (CWx)

                                              ☐ Ralph Zarefsky (RZx)

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination.

The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:

CV-_01 - 09758_  NM  FJWx

## NOTICE TO COUNSEL

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE COMPLAINT ON ALL DEFENDANTS.